Paul MALONE and Malone Company,
a Texas Corporation, Appellants,

v.

EMMERT INDUSTRIAL
CORPORATION,
Appellee.

No. C14–92–00633–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 1, 1993.
Rehearing Denied Sept. 2, 1993.

Emily A. Fisher, Galveston, for appellants.

Thomas E. Bilek, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

CANNON, Justice.

Appellee, Emmert Industrial Corporation (Emmert), filed a 1986 Oregon judgment, which awarded money damages against appellants, Paul Malone and Malone Company (Malone), in Galveston County Court. This appeal is from an order that voided a previous order that vacated the judgment. We affirm.

On May 14, 1991, Emmert filed the Oregon judgment under the provisions of the Uniform Enforcement of Foreign Judgments Act. TEX.CIV.PRAC. & REM.CODE ANN. § 35.001 et seq. (Vernon 1986). Thirty-one days later, appellants filed a motion to vacate judgment, alleging that the Oregon court had no personal jurisdiction over them. The trial court conducted a hearing on the motion on December 10, 1991, and ordered the judgment vacated on January 7, 1992. On February 4, 1992, Emmert filed a motion to void the trial court's order vacating the judgment. The trial court, finding it had acted outside its plenary jurisdiction when it entered the order vacating the Oregon judgment, granted the motion to void on February 26, 1992.

In three points of error, appellants argue the trial court erred in applying the time limits for motion for new trial to their motion to vacate, erred in finding that it had no plenary jurisdiction to grant their motion, and thus deprived appellants of due process of law. We address these three points together.

 "A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." TEX.CIV.PRAC. & REM. CODE ANN. § 35.003(c) (Vernon 1986). The plain language of the law mandates that foreign judgments shall be treated as a Texas judgment. The trial court did not err in applying Rule 329b to the foreign judgment.

A trial court has plenary power to vacate a judgment within 30 days after the judgment is signed. TEX.R.CIV.P. 329b(c); *see Transamerican Leasing Co. v. Three Bears, Inc.*, 567 S.W.2d 799, 800 (Tex.1978). Appellants filed their motion to vacate on the thirty-first day after the judgment was signed. No other post-judgment motion was filed. The court's plenary power had expired the day before the appellants filed the motion. When the trial court signed an order in December 1992 that vacated the foreign judgment, it acted without jurisdiction. Its February 1992 order voiding its December order was entered in accordance with the rules. TEX.R.CIV.P. 329b(f). A trial court may enter an order declaring a previous order void because it was signed after its plenary power had expired. *Id.*

Appellants contend, however, that a court may consider a motion attacking a void judgment outside its plenary jurisdiction. When a court's plenary power expires, it may not set aside a judgment except by bill of review for sufficient cause. TEX.R.CIV.P. 329b(f). The bill of review is an independent action brought by a party to a former action to set aside a judgment that is not void on its face; the judgment must be final by reason of the expiration of the periods allowed for motion for new trial or appeal. *See, e.g., State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex.1989).

A bill of review is a separate suit and should be given a new docket number. *Lehtonen v. Clarke*, 784 S.W.2d 945, 947 n. 1 (Tex.App.—Houston [14th Dist.] 1990, writ denied). It will not be dismissed, *if its allegations are otherwise sufficient,* if it is

given the number of the case in which the judgment was rendered and if it is mistakenly labeled. *Nachant v. Monteith,* 117 Tex. 214, 299 S.W. 888 (Tex.Com.App.1927)

 Appellants filed their pleading entitled "Motion to Vacate" under the number of the case in which the judgment had been entered. This court may consider appellants' motion to vacate to be a bill of review, nonetheless, if the basic elements of the action are alleged under oath: (1) a meritorious claim or defense, (2) which the plaintiff was prevented from asserting or making by the fraud, accident or wrongful act of the opposite party, or by a breach of official duty by a clerk or other official, (3) unmixed with any fault or negligence of the plaintiff's own. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). The plaintiff must also allege that legal remedies have been exhausted. *Biggs v. Biggs,* 553 S.W.2d 207, 211 (Tex. Civ.App.—Houston [14th Dist.] 1977, writ dismissed w.o.j.). Appellants' motion to vacate does not allege these elements and cannot be construed to be a bill of review.

Because appellants did not allege improper notice, *see Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), and because appellants had an opportunity to attack the judgment with a timely motion for new trial or a motion to vacate judgment, and because they have the remedy of a bill of review, we hold they were not denied due process. We overrule appellants' three points of error and affirm the judgment of the trial court.

BOWERS, J., not participating.