IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-94-475-CV






STEPHEN LOUIS HOPKINS, SR.,



 APPELLANT



vs.






EVANGELINE JENSEN HOPKINS,



 APPELLEE






 




FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT



NO. 9663, HONORABLE D. V. HAMMOND, JUDGE PRESIDING



 





PER CURIAM


 Appellant Stephen Louis Hopkins, Sr. has perfected an appeal from a decree of
divorce rendered by the district court of Llano County. The decree divided the property of
appellant and appellee Evangeline Jensen Hopkins and provided for the custody and support of
their children. We will dismiss the appeal for want of jurisdiction because appellant did not
perfect his appeal timely.

 The transcript received in this Court (1) includes a "Final Decree of Divorce" that the
district court signed on May 17, 1994. Neither party filed a motion for new trial or a motion to
modify, correct or reform the decree. See Tex. R. Civ. P. 329b(a), (g). On June 28, the district
court signed a second "Final Decree of Divorce" that incorporated the notations handwritten and
initialed on the May 17 document. Appellant filed an appeal bond on July 27. He timely
perfected the appeal if the June 28 decree is the final judgment but did not if the May 17 decree
is the final judgment. See Tex. R. App. P. 41(a).

 Unless otherwise specifically provided by law, a trial court shall render only one
final judgment in a cause. Tex. R. Civ. P. 301; Hammett v. Lee, 730 S.W.2d 350, 351 (Tex.
App.--Dallas 1987, writ dism'd w.o.j.). A judgment that disposes of all issues and parties before
the trial court is final and appealable. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d
677, 678-79 (Tex. 1990); North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex.
1966). The May 17 decree does dispose of all issues and parties before the court and, therefore,
is a final, appealable judgment.

 The district court retained plenary power to reverse, modify or vacate that judgment
for thirty days after signing it. Tex. R. Civ. P. 329b(d); Fruehauf Corp. v. Carrillo, 848 S.W.2d
83, 84 (Tex. 1993); Owens--Corning Fiberglas Corp. v. Wasiak, 883 S.W.2d 402, 404 (Tex.
App.--Austin 1994, no writ h.) (order on question of whether appeal properly perfected). 
However, the June 28 decree was rendered after the expiration of the trial court's period of
plenary power and, therefore, was not effective to set aside or modify the previous decree. 
Malone v. Emmert Indus. Corp., 858 S.W.2d 547, 548 (Tex. App.--Houston [14th Dist.] 1993,
writ denied); compare Tex. R. Civ. P. 329b(h); Mackie v. McKenzie, 38 Tex. Sup. Ct. J. 59, 60
(Nov. 3, 1994); Check v. Mitchell, 758 S.W.2d 755, 756 (Tex. 1988) (change made in judgment
while trial court retains plenary power delays start of appellate timetable until date modified,
corrected, or reformed judgment is signed). Accordingly, the time within which to perfect an
appeal began to run on May 17, the date on which the trial court signed the judgment.

 Appellant suggests that the June 28 decree was the final, appealable judgment
because the district clerk did not send notice of the signing of the May 17 decree and the trial
court had not rendered the judgment in open court. A trial court may render judgment orally in
open court or by a written memorandum signed by the judge and delivered to the clerk for filing. 
Ex parte Gnesoulis, 525 S.W.2d 205, 209 (Tex. Civ. App.--Houston [14th Dist.] 1975, orig.
proceeding); see Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 59 (Tex. 1970) (judgment
rendered when judge officially announces decision in open court or files a memorandum with the
clerk). The district clerk's filemark shows that she filed the May 17 decree in the cause on the
day the decree was signed.

 The transcript does not show whether the district clerk mailed notice of the signing
of the May 17 decree as Texas Rule of Civil Procedure 306(3) requires. See Tex. R. App. P.
5(b)(3). The failure to give notice itself does not, however, affect the period of the trial court's
plenary power or the time within which to file a motion for new trial or to perfect an appeal. 
Tex. R. Civ. P. 306(1), (3); Tex. R. App. P. 5(b)(1), (3); see Carrera v. Marsh, 847 S.W.2d
337, 340 (Tex. App.--El Paso 1993, orig. proceeding). If appellant or his attorney did not receive
notice of the trial-court judgment within twenty days after its signing, appellant's remedy was to
establish, in the trial court, the date on which he or his attorney first received notice of the signing
of the decree. Tex. R. Civ. P. 306(4), (5); Tex. R. App. P. 5(b)(4), (5).

 We note that the trial court apparently signed the May 17 decree inadvertently. 
Neither appellant nor appellee suggests that the June 28 document is a judgment nunc pro tunc. 
See Tex. R. Civ. P. 316; Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986) (after judgment
is final, trial court may correct only a clerical error by judgment nunc pro tunc). If the June 28
decree were a judgment nunc pro tunc, this Court could not consider any complaints that appellant
could have brought against the original judgment. Gonzalez v. Doctors Hosp.--E. Loop, 814
S.W.2d 536, 537 (Tex. App.--Houston [1st Dist.] 1991, no writ). 

 Because appellant filed his appeal bond more than thirty days after the May 17
decree of divorce, the bond was untimely. Tex. R. App. P. 41(a)(1). We are, therefore, without
jurisdiction over the appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978); Willis v. Texas
Dept. of Corrections, 834 S.W.2d 953 (Tex. App.--Tyler 1992, no writ). The appeal is dismissed
for want of jurisdiction.

 Because we dismiss the appeal for want of jurisdiction, we dismiss appellant's
motions for extensions of time to file the transcript, statement of facts and brief.


Before Chief Justice Carroll, Justices Jones and Kidd

Dismissed for Want of Jurisdiction

Filed: December 7, 1994

Do Not Publish

1. [1]  Upon receipt of the transcript, the Clerk of this Court notified the parties that it appeared
that appellant had not timely perfected his appeal. Because of the question of this Court's
jurisdiction over the appeal, the transcript was marked "Received" and was not filed. See Tex.
R. App. P. 56. Both parties tendered letter briefs discussing the finality of the decree of May 17
and the time within which to perfect appeal.