**Dr. Raymond Bahr and Patricia BAHR, Appellants,**

**v.**

**Vivian E.S. Kohr and Bradley D. KOHR, Appellees.**

No. 04–95–00751–CV.

Court of Appeals of Texas, San Antonio.

May 31, 1996.

Rehearing Overruled June 25, 1996.

---

2. Formerly located in TEX. FAM.CODE ANN. § 15.02.

Harry J. Skeins, Jr., Skeins & Williamson, P.C., San Antonio, for appellant.

H. Ritman Jons, Kerrville, Robert Q. Keith, Thomas H. Walston, Keith & Weber, P.C., Johnson City, for appellee.

Before LÓPEZ, GREEN and DUNCAN, JJ.

LÓPEZ, Justice.

This appeal concerns the enforceability of a foreign judgment. Because we find that the trial court acted outside its plenary power in revising the properly filed foreign judgment, we set aside the trial court's order and dismiss the appeal for lack of jurisdiction.

An agreed judgment of $200,000, based on a limited partnership dispute, payable to Dr. Raymond Bahr and Patricia Bahr (Bahr) by Bradley D. Kohr (Kohr), was entered in the Circuit Court of Baltimore County, Maryland on March 3, 1987. Although no written judgment was signed, the judgment was pronounced orally in court and was entered as final on the docket sheet, making it enforceable according to Maryland law. MD. R. CIV. P. 1–202(m) & 2–601; *Davis v. Davis,* 335 Md. 699, 646 A.2d 365, 369–70 (1994).

The agreement called for $130,000 of scheduled payments, secured by an interest in the partnership, and an agreed judgment of $200,000 enforceable if Kohr defaulted on paying the $130,000. There is nothing in the record indicating the original amount of the investment or damages incurred by Bahr. Kohr made the first $30,000 of payments in 1987, but defaulted on the remaining balance set forth in the agreement. Bahr eventually located Kohr in Texas and filed the foreign judgment in Kerr County on January 31, 1994, under the Uniform Enforcement of Foreign Judgments Act. *See* TEX. CIV. PRAC. & REM.CODE. ANN. §§ 35.001–35.008 (Vernon 1986).

The record reflects that a motion for summary judgment was filed by Kohr on April 17, 1995. In response, the trial court entered an order on May 24, 1995, finding that there was a valid judgment for $130,000, but declaring that the additional $70,000 constituted a penalty and was not enforceable.

We find that Bahr's first point of error is dispositive. He claims that the trial court acted outside its authority in granting the May 24, 1995 order. We agree. The filing of a valid foreign judgment not only initiates the enforcement proceedings, but also automatically creates an enforceable Texas judgment. *Walnut Equip. Leasing Co., Inc. v. Wu,* 920 S.W.2d 285, 286 (Tex. 1996); *Moncrief v. Harvey,* 805 S.W.2d 20, 22 (Tex.App.—Dallas 1991, no writ); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 35.003 (Vernon 1986).

The finality of a foreign judgment is determined under the law of the state in which it was rendered. RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 92 (1971); *see also Bard v. Charles R. Myers Ins. Agency Inc.,* 839 S.W.2d 791, 794 (Tex.1992). The validity of a foreign judgment may be investigated by a Texas court, but must be done according to the regular timetables for challenging a Texas judgment. *Wu,* 920 S.W.2d at 285–86. "A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, enforcing or satisfying a judgment as a judgment of the court in which it is filed." TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(c) (Vernon 1986); *Malone v. Emmert Indus. Corp.,* 858 S.W.2d 547, 548 (Tex. App.—Houston [14th Dist.] 1993, writ denied). The court's plenary power to grant a new trial or modify, correct or reform a judgment expires after 30 days if no action is taken. TEX.R. CIV. P. 329b(f); *Malone,* 858 S.W.2d at 548.

When a foreign judgment is acted on outside the plenary power of the trial court, the action is a nullity. *Wu,* 920 S.W.2d at 286. Furthermore, the reviewing court has no jurisdiction to address the subsequent appeal from the untimely trial court action on the foreign judgment. *Id.* An appellate court's jurisdiction extends no further than the jurisdiction of the trial court. *See Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935, 938 (1958); *Anderson v. Anderson,* 786 S.W.2d 79, 81 (Tex.App.—San Antonio 1990, no writ). When the trial court acts outside its jurisdiction, the proper action by the reviewing court is to set aside the improper judgment and dismiss the appeal. *Sanchez v. Sanchez,* 609 S.W.2d 307, 308 (Tex.Civ.App.—El Paso 1980, no writ); *Anderson,* 786 S.W.2d at 81.

We find that the foreign judgment filed on January 31, 1994 was a final judgment under Maryland law, thereby enforceable and collectible in Texas after expiration of the thirty days. The trial court erred in addressing the judgment outside of its plenary power. TEX.R. CIV. P. 329(b); *Wu,* 920 S.W.2d at 286. Because the lower court had no jurisdiction to revise the final judgment, this court has no jurisdiction to address the merits of the order itself. *Wu,* 920 S.W.2d at 286. Therefore, we set aside the May 24, 1995 order of the trial court as a nullity and dismiss the appeal for lack of jurisdiction.