In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00669-CV

____________


AUTOMOTIVE ACCEPTANCE COMPANY, INC., Appellant


V.


LAJUNA PHILLIPS, Appellee






On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 0121829 




O P I N I O N


 Appellee, Lajuna Phillips, obtained a judgment against appellant, "Automotive
Acceptance Co., Inc." in a Missouri state court. The judgment of the Missouri state court
was for $10,000 actual damages and $1,000,000 punitive damages. Phillips filed the
judgment in the 215th District Court on April 25, 2001. She also served notice of the filing
of the foreign judgment on Automotive Acceptance Company, Inc, located in Houston,
Texas. Automotive Acceptance Company, Inc. timely filed a Motion for New Trial to
Reopen and/or to Vacate. After a hearing, the trial court denied the motion. 

 Appellant raises three points of error on appeal. In its first point of error, appellant
contends that the judgment should be vacated because there is no entity in existence by the
name of "Automotive Acceptance Co., Inc." or "Automotive Acceptance Company, Inc." 
In its second point of error, appellant contends that the trial court erred in not granting a
motion for new trial. In its third point of error, appellant contends that the trial court erred
by failing to negate or reform the Missouri judgment because the exemplary damages
awarded are excessive and violate the Due Process Clause of the United States Constitution. (1)
 

DISCUSSION


Standard of Review

 When a sister state judgment is filed in Texas in compliance with the Uniform
Enforcement of Judgments Act (UEJA), the foreign judgment becomes enforceable as a
Texas judgment on the date it was filed. Walnut Equip. Leasing Co. v. Wu, 920 S.W.2d 285,
286 (Tex.1996). The filing of the foreign judgment comprises both a plaintiff's original
petition and a final judgment. Id. at 286. A filed foreign judgment is subject to the same
procedures, defenses, and proceedings for reopening, vacating, staying, enforcing or
satisfying a judgment as a judgment of the court in which it is filed. Id at 286.

 The Full Faith and Credit Clause of the United States Constitution requires that full
faith and credit be given in each state to the public acts, records, and judicial proceedings of
every other state. U.S. CONST. art. IV, § 1; Bard v. Charles R. Myers Ins. Agency, Inc.,
839 S.W.2d 791, 794 (Tex.1992); Reading & Bates Const. Co. v. Baker Energy Resources
Corp., 976 S.W.2d 702, 713 (Tex. App.--Houston [1st Dist.] 1998, pet. denied). A valid
judgment from one state is to be enforced in other states regardless of the laws or public
policy of the other states. Bard, 839 S.W.2d at 794; Reading, 976 S.W.2d at 713. The
opposing party then has the burden to establish a recognized exception to full faith and credit.
Reading, 976 S.W.2d at 712.

 Under the general principles of sister state full faith and credit analysis, the following
exceptions to full faith and credit are well established:

 (1) when a decree is interlocutory; Bard, 839 S.W.2d at 794. 

 (2) when a decree is subject to modification under the law of the rendering state; id.; 

 (3) when the rendering court lacks jurisdiction; Reading, 976 S.W.2d at 713

 (4) when the judgment was procured by fraud; id.

 (5) when the period to file the foreign judgment has expired under the Texas Civil
Practice and Remedies Code section 16.066. See TEX. CIV. PRAC. & REM.CODE
ANN. § 16.066 (Vernon 1986); Reading, 976 S.W.2d at 713. 


These exceptions are fact inquiries, not questions of law. Reading, 976 S.W.2d at 713. A
judgment debtor may challenge jurisdiction of a sister state by demonstrating that (1) service
of process was inadequate under the rules of the sister state or (2) the sister state's exercise
of in personam jurisdiction offends due process of law. Markham v. Diversified Land &
Exploration Co., 973 S.W.2d 437, 439 (Tex. App.--Austin 1998, pet. denied). An appellate
court's jurisdiction extends no further than jurisdiction of trial court. Bahr v. Kohr, 928
S.W.2d 98, 100 (Tex. App.--San Antonio 1996, writ. den.)

Motion for New Trial to Reopen and/or Vacate

 We first address appellant's second point of error, which contends that the trial court
erred by denying its Motion for a New Trial to Reopen and/or to Vacate. Appellant argues
that the trial court should have granted the motion because the proof before the court was that
there was no notice of the trial in Missouri and a judgment entered without notice violates
the due process clause. The record includes an entry of appearance by appellant in the
Missouri court. The only proof that appellant presented to the Texas trial court showing lack
of notice was a conclusory affidavit by appellant's trial counsel, William Green, stating that
there was no notice. Appellee moved to have the affidavit struck because Green was not
appellant's counsel in Missouri and had no knowledge about notice. See Tex. R. Evid. 602. (2) 
The entry of appearance shows that Green was not appellant's counsel in Missouri. The trial
court, without stating why, granted appellee's motion to strike and struck Green's affidavit. 
Appellant has not attacked that ruling in this appeal. Therefore, there was no proof before
the court that appellant did not have notice in Missouri. We overrule appellant's second
point of error.



Vacate, Negate, or Reform Judgment

 In its first point of error, appellant contends that the Missouri judgment filed in the
215th District Court should be vacated because (1) the Missouri judgment was against
"Automotive Acceptance Co., Inc." and appellee seeks to file and enforce a foreign judgment
against "Automotive Acceptance Company, Inc." and (2) there is no entity in existence by
the name of either "Automotive Acceptance Co., Inc." or "Automotive Acceptance
Company, Inc." In its third point of error, appellant argues that the Texas trial court should
negate or reform the Missouri court's judgment on punitive damages because the damages
were excessive and in violation of the due process and excessive fines clauses of the United
States Constitution. Appellant argues that it is within the Texas trial court's power to negate
or reform the judgment for either of these reasons. However, appellant provides no authority
for the proposition that a Texas court can refuse to give full faith and credit to a judgment
of another state for these reasons. Appellant cites to Moncrief v. State and Bahr v. State to
support his contention; however, neither of these cases applies. See Moncrief v. Harvey, 805
S.W.2d 20, 23 (Tex. App. -- Dallas 1991, no writ); Bahr 928 S.W. 2d at 100. Both Moncrief
and Bahr lay out the timetable to attack a foreign judgment, which was not at issue in this
appeal. Moncrief, 805 S.W.2d 20, 23; Bahr 928 S.W. 2d at 100. Accordingly, we overrule
appellant's first and third points of error.

 





 We affirm. 






 Sam Nuchia

 Justice


Panel consists of Justices Cohen, Nuchia, and Price. (3)

Do not publish. Tex. R. App. P. 47.


1. 
U.S.C.A. Const.Amend. 14.

2. Appellee also moved to have Green's affidavit struck based on section 171.252(1) of
the Texas Tax Code. Appellee alleged that appellant was delinquent in paying its franchise
taxes and, therefore, had no standing before the 215th District Court. 
3. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.