Appellee=s Motion for Rehearing Granted; Opinion of February 26, 2008
Withdrawn; Reversed and Rendered; and Substitute Opinion filed May 22, 2008








Appellee=s Motion for Rehearing Granted; Opinion of February 26, 2008 Withdrawn;
Reversed and Rendered; and Substitute Opinion filed May 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00302-CV

_______________

 

BANCORPSOUTH BANK F/K/A BANK OF MISSISSIPPI, Appellant

 

V.

 

ALBERT PREVOT, Appellee

                                                                                                                                               


On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 2001-24191

                                                                                                                                               


 

S U B S T I T U T E   O P I N I O N

We grant
appellee=s motion for rehearing.  We withdraw
our opinion dated February 26, 2008 and issue this substitute opinion. 








Appellant,
BancorpSouth Bank f/k/a Bank of Mississipi (ABancorp@), filed a motion to enforce a 2004
Mississippi judgment against appellee, Albert Prevot, that was filed in Texas
in 2005 pursuant to the Uniform Enforcement of Foreign Judgments Act (AUEFJA@).[1] 
The trial court signed a final order stating it did not grant or deny the
motion because it had no jurisdiction.  We reverse and render judgment that the
trial court has jurisdiction to enforce the 2004 Mississippi judgment, filed in
Texas in 2005, and that the 2004 Mississippi judgement, filed in Texas in 2005,
is presently enforceable as a Texas judgment.

I.  Background

Bancorp
sued Prevot in federal district court in Mississippi to recover the amount due
on a promissory note guaranteed by Prevot.  In 1983, Bancorp obtained a default
judgment in excess of $1.1 million against Prevot.  Under Mississippi law, a
judgment has a lifespan of seven years, and any action founded on a judgment
must be brought within seven years after rendition of the judgment.  See
Miss. Code Ann. '' 15‑1‑43, 15‑1‑47 (West 2007). 
Therefore, in 1990, 1997, and 2004, Bancorp filed suits in Mississippi state
court to extend each preceding judgment lien.  Bancorp obtained a default
judgment in each action.[2]  The latest
judgment was in excess of $4.6 million due to accrued interest.

Pursuant
to the UEFJA, Bancorp sought to domesticate its Mississippi judgments in Texas,
where Prevot has lived since the early 1980s.  Bancorp filed the 1990
Mississippi judgment in Texas in 1992.  This judgment became dormant in Texas
in 2002[3] and was not
revived through any of the methods allowed by statute.[4] 
Bancorp filed the 1997 Mississippi judgment in Texas in 2001.  Bancorp filed
the 2004 Mississippi judgment in Texas in 2005.[5]








Prevot
did not timely file any post-judgment motion challenging the filed foreign
judgments.  Further, he did not appeal from the judgments.  Instead, after
Bancorp conducted some post-judgment discovery, Prevot advised Bancorp that he
considered the judgments to be unenforceable in Texas.  Therefore, in December
2005, Bancorp filed in the Texas trial court a AMotion to Enforce Mississippi
Judgment.@  Bancorp sought to enforce the 2004 Mississippi judgment, filed in Texas
in 2005, or alternatively, the 1997 Mississippi judgment, filed in Texas in
2001.[6]  After a
hearing, the trial court signed a final order stating, AThe Court neither grants nor denies
the motion.  The Court has no jurisdiction.@  This appeal followed.

II. The UEFJA

Under
the United States Constitution, each state must give full faith and credit to
the public acts, records, and judicial proceedings of every other state.  See
U.S. Const. art.  IV, '1.  To comply with the full-faith-and-credit principle, Texas
has implemented its version of the UEFJA.  See generally Tex.
Civ. Prac. & Rem. Code Ann. '' 35.001B.008 (Vernon 1997 & Supp. 2007). 
Section 35.003 of the Texas UEFJA governs the filing and status of foreign
judgments as follows:

(a) A copy of a foreign judgment authenticated in accordance with an
act of congress or a statute of this state may be filed in the office of the
clerk of any court of competent jurisdiction of this state.

(b) The clerk shall treat the foreign judgment in the same manner as a
judgment of the court in which the foreign judgment is filed.








(c) A filed foreign judgment has the same effect and is subject to the
same procedures, defenses, and proceedings for reopening, vacating, staying,
enforcing, or satisfying a judgment as a judgment of the court in which it is
filed.

Tex. Civ. Prac. &
Rem. Code Ann. ' 35.003.[7]

Under
the UEFJA, filing a foreign judgment in a Texas court instantly creates an
enforceable, final Texas judgment.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 35.003(b), (c); Walnut Equip.
Leasing Co., Inc. v. Wu, 920 S.W.2d 285, 286 (Tex. 1996); Urso v. Lyon
Fin. Servs., Inc., 93 S.W.3d 276, 277, 279 (Tex. App.CHouston [14th Dist.] 2002, no pet.); Bahr
v. Kohr, 928 S.W.2d 98, 100 (Tex. App.CSan Antonio 1996, writ denied).  The
burden then shifts to the debtor to prove the foreign judgment should not be
given full faith and credit.  Mindis Metals, Inc. v. Oilfield Motor &
Control, Inc., 132 S.W.3d 477, 484 (Tex. App.CHouston [14th Dist.] 2004, pet.
denied); Reading & Bates Constr. Co. v. Baker Energy Res. Corp., 976
S.W.2d 702, 712 (Tex. App.CHouston [1st Dist.] 1998, pet. denied);  Markham v.
Diversified Land & Exploration Co., 973 S.W.2d 437, 439 (Tex. App.CAustin 1998, pet. denied).  The
debtor is empowered with all procedural devices for reopening, vacating, or
staying the judgment that any post-judgment debtor is allowed.  Tex. Civ. Prac.
& Rem. Code Ann. ' 35.003(c); Mindis Metals, 132 S.W.3d at 485; see
Urso, 93 S.W.3d at 279; Markham, 973 S.W.2d at 440; Bahr, 928
S.W.2d at 100.

III.  The Issues

In its
motion to enforce, Bancorp asserted the 2004 Mississippi judgment was properly
filed in Texas in 2005; thus, it is enforceable pursuant to the UEFJA and the
full-faith-and-credit principle.[8]








 In
response to the motion and on appeal, Prevot essentially presents four
substantive reasons this filed foreign judgment is allegedly unenforceable in
Texas:

!                  
because Bancorp filed the 1990
Mississippi judgment in Texas in 1992, enforcement of the subsequent judgment
at issue would violate the Aone judgment@ rule; see Tex. R. Civ. P. 301 (AOnly one final judgment shall be rendered in any cause
except where it is otherwise specially provided by law.@); 

!                  
because this previously-filed
judgment is dormant, enforcement of the subsequent judgment at issue would
circumvent Texas statutes regarding dormancy and revival;

!                  
enforcement of the judgment at
issue is barred by the applicable Texas ten-year statute of limitations because
the original 1983 Mississippi judgment, not the renewed Mississippi judgment at
issue, is operative for purposes of applying limitations; see Tex. Civ.
Prac. & Rem. Code Ann. ' 16.066(b)
(Vernon 1997) (AAn action against a person who has resided in this
state for 10 years prior to the action may not be brought on a foreign judgment
rendered more than 10 years before the commencement of the action in this
state.@); and

!                  
a renewed foreign
judgment is purportedly entitled to registration in a forum state under the UEFJA
only if it constituted a Anew@ judgment, as opposed to extension of the original judgment;
and the renewed Mississippi judgment at issue was not a Anew@ judgment.[9]

In response
to the motion to enforce, Prevot also asserted the trial court lacked
jurisdiction to enforce the filed foreign judgment because its plenary power
had expired when Bancorp filed the motion.








On
appeal, Bancorp presents two issues.  In its first issue, Bancorp contends
Prevot waived his arguments because he did not file any post-judgment motion
challenging the filed foreign judgment, an appeal from the judgment, or a bill
of review.  Rather, Prevot first challenged enforcement of the judgment in his
response to Bancorp=s motion to  enforceCafter the trial court=s plenary power had expired. 
Therefore, Bancorp argues the trial court has jurisdiction to enforce the
judgment and it is enforceable in Texas.

In its
second issue, Bancorp substantively challenges Prevot=s arguments.  In essence, Bancorp
contends the 2004 Mississippi renewal judgment at issue constituted a new
judgment; thus (1) this judgment is entitled to enforcement in Texas although
the earlier Mississippi judgment had previously been filed in Texas and become
dormant; (2) enforcement is not barred by the ten-year statute of limitations
because the 2004 Mississippi renewal judgment is operative for purposes of
applying limitations; and (3) any renewal foreign judgment is entitled to
recognition in Texas; nonetheless, its 2004 Mississippi renewal judgment is
enforceable as a new judgment.

IV.  Discussion

Initially,
we note that the trial court=s order is not exactly clear.  The trial court stated, AThe Court neither grants nor denies
the motion.  The Court has no jurisdiction.@  The trial court seemed to express
that it lacks jurisdiction to make any ruling on the motion.  Nonetheless, the
trial court effectively refused to enforce the Mississippi judgment at issue on
the ground it lacks jurisdiction.

The
trial court did not state its reason for finding it lacks jurisdiction.  In
response to Bancorp=s motion, Prevot suggested the trial court lacks jurisdiction
to enforce the judgment because its plenary power has expired.  On appeal,
Prevot suggests the trial court lacks jurisdiction to enforce the judgment
based on one or both of the substantive arguments presented in his response to
the motion or the additional arguments he raises on appeal.  

We
conclude that (1) the trial court has jurisdiction to enforce the judgment
although its plenary power expired, (2) none of Prevot=s arguments support the trial court=s ruling that it lacks jurisdiction
to enforce the judgment, and (3) the judgment is presently enforceable in
Texas.








A.        The Trial Court Has
Jurisdiction To Enforce The Judgment Although Its Plenary Power Has Expired.

Bancorp
filed the Mississippi judgment in Texas on February 17, 2005, instantly
creating an enforceable, final Texas judgment.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 35.003(b), (c); Wu, 920 S.W.2d at 286; Urso,
93 S.W.3d at 277, 279; Bahr, 928 S.W.2d at 100.  Like any Texas
judgment, the trial court=s plenary power expired thirty days later because no party
filed a post-judgment motion attacking the judgment.  See Tex. R. Civ.
P. 329b; Urso, 93 S.W.3d at 279; Bahr, 928 S.W.2d at 100;
Malone v. Emmert Indus. Corp., 858 S.W.2d 547, 548 (Tex. App.CHouston [14th Dist.] 1993, writ
denied).

Thus,
when Bancorp filed the motion to enforce on December 1, 2005, the trial court=s plenary power had expired with
respect to the filed foreign judgment.  Once its plenary power has expired, a
trial court may engage only in certain specified activities with respect to its
judgment.  Custom Corps., Inc. v. Sec. Storage, Inc., 207 S.W.3d 835,
839 (Tex. App.CHouston [14th Dist.] 2006, orig. proceeding).  Significantly, a trial
court retains statutory and inherent authority to enforce its judgment.  See
Arndt v. Farris, 633 S.W.2d 497, 499 (Tex. 1982); Custom Corps., 207
S.W.3d at 839; Comm=n for Lawyer Discipline v. Denisco, 132 S.W.3d 211,
214B15 (Tex. App.CHouston [14th Dist.] 2004, no pet.); see
also Tex. R. Civ. P. 308 (providing that a Acourt shall cause its judgments and
decrees to be carried into execution@).  Therefore, the trial court erred
if it determined it lacks jurisdiction to enforce the judgment because its plenary
power has expired.

B.        None Of Prevot=s Arguments Support The Trial Court=s Ruling That It Lacks Jurisdiction
To Enforce The Judgment.








As we
have explained, in response to Bancorp=s motion to enforce, Prevot asserted
two reasons the Mississippi judgment is allegedly unenforceable in Texas; and
on appeal, he presents additional contentions.  However, after the Mississippi
judgment was filed in Texas, Prevot did not timely raise these challenges in a
post-judgment motion or file an appeal from the judgment.  Rather, Prevot first
challenged enforcement of the judgment in response to the motion to enforceCafter the trial court=s plenary power expired.

A
judgment debtor must challenge enforcement of a filed foreign judgment within
the timetables applicable to attacking any Texas judgment.  See Wu, 920
S.W.2d at 286; Urso, 93 S.W.3d at 279; Reading & Bates, 976
S.W.2d at 714B15; Bahr, 928 S.W.2d at 100; Malone, 858 S.W.2d at 548. 
Like any Texas judgment, after the trial court=s plenary power has expired, it may
not vacate a Texas judgment created by the filing of a foreign judgment except
with a timely-filed bill of review.  See Tex. R. Civ. P. 329b(f); Urso,
93 S.W.3d at 279B80; Markham, 973 S.W.2d at 440; Malone, 858
S.W.2d at 548.  Prevot has not filed a bill of review.

Nevertheless,
Prevot suggests he was allowed to raise his arguments after the trial court=s plenary power expired because they
constitute attacks on the trial court=s  jurisdiction.  In response to the
motion to enforce, Prevot did not specifically frame his substantive arguments
as challenges to the trial court=s jurisdiction.  However, Prevot now
suggests the trial court failed to acquire subject matter jurisdiction when the
judgment was filed and/or the judgment is void based on one or all of Prevot=s arguments.  Therefore, Prevot
suggests the trial court found that it lacks jurisdiction to enforce the
judgment based on one or all of Pevot=s arguments.








As
Prevot acknowledges, he is mounting a collateral attack on the judgment because
he seeks to avoid its effect in a proceeding to enforce the judgmentCnot a proceeding to vacate the
judgment.  See Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003)
(recognizing that, in action to enforce decree rendered eighteen years earlier,
other party=s attempt to avoid its effect by arguing it was void constituted
collateral attack).  Prevot cites no Texas case in which a judgment debtor
initiated a successful collateral attack on a filed foreign judgment by
asserting the Texas court lacked jurisdiction over the judgment.[10] 
Nevertheless, we will assume, without deciding, that the rules applicable to a
collateral attack on any Texas judgment apply to a collateral attack on a Texas
judgment created by the filing of a foreign judgment.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 35.003(b), (c).

However,
we have found conflicting views on the extent to which a party may collaterally
attack a Texas judgment: one view holding a party may collaterally attack a
judgment only for lack of subject matter jurisdiction; and another view
indicating a party may collaterally attack a judgment on any of the limited
grounds that render a judgment void.  Under either standard, we conclude that
(1) Prevot=s arguments, even if meritorious, did not deprive the trial court of subject
matter jurisdiction over the Texas judgment created by the filing of the
Mississippi judgment; and (2) Prevot may not collaterally attack the Texas
judgment by characterizing it as Avoid.@

1.         Prevot=s arguments, even if meritorious, did
not deprive the trial court of subject matter jurisdiction over the Texas
judgment.








In one
line of cases, the Texas Supreme Court has held that a bill of review is the
only method by which a trial court may set aside its judgment after its plenary
power has expired unless the court lacked Ajurisdictional power@ to render the judgment.  Middleton
v. Murff, 689 S.W.2d 212, 213 (Tex. 1985) (citing Deen v. Kirk, 508
S.W.2d 70, 72 (Tex. 1974));  McEwen v. Harrison, 345 S.W.2d 706, 710
(Tex. 1961) (orig. preeding)).  In this context, Ajurisdictional power@ means A>jurisdiction over the subject matter,
the power to hear and determine cases of the general class to which the
particular one belongs.=@  Middleton, 689 S.W.2d at 213
(quoting Deen, 508 S.W.2d at 72).  The court recognized that a judgment
may be void for reasons other than lack of subject matter jurisdiction, but a
judgment may not be set aside at any time on the ground it is void.  See
Middleton, 689 S.W.2d at 213 (citing Deen, 508 S.W.2d at 72; McEwen,
345 S.W.2d at 710). 

 In some
cases, our court has followed this view when recognizing a party may
collaterally attack a judgment only on the ground that the trial court lacked Ajurisdictional power@ as defined in Middleton.  See
Barrera v. State, 130 S.W.3d 253, 258B59 (Tex. App.CHouston [14th Dist.] 2004, no pet.); Nguyen
v. Intertex, Inc., 93 S.W.3d 288, 294B95, 294 n.3 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 
More specifically, we have essentially followed this view with respect to a
collateral attack on a foreign judgment filed under the UEFJA.  See Urso,
93 S.W.3d at 277B80, 279 n.5 (holding that, in response to creditor=s application for turnover and
appointment of receiver after trial court=s plenary power expired, debtor could
not challenge domesticated foreign judgment as void for lack of notice of Texas
filing because debtor was required to file bill of review; and distinguishing
debtor=s claim from situation in which trial
court had no Asubject matter jurisdiction@ or Ajurisdictional power.@).








Except
for Prevot=s statute-of-limitations claim, we have found no authority addressing
whether his arguments concern the trial court=s Ajurisdictional power@ over the filed foreign judgment.  A
statute-of-limitations claim, whether asserted in a suit originating in Texas
or in opposition to enforcement of a filed foreign judgment, is not a challenge
to the trial court=s subject matter jurisdiction; rather, limitations is a
procedural matter that is waived if not raised in the trial court.  See
Franco v. Allstate Ins. Co., 505 S.W.2d 789, 793 (Tex. 1974) (pertaining to
general limitations statute); Moore v. Rotello, 719 S.W.2d 372, 380
(Tex. App.CHouston [14th Dist.] 1986, writ ref=d n.r.e.) (same); Reading &
Bates, 976 S.W.2d at 713, 714B15 (describing limitations period
imposed by Civil Practice and Remedies Code section 16.066(b) as a
well-established exception to full faith and credit while also recognizing
debtor must challenge enforcement within ordinary post-judgment timetables).

We
conclude that none of Prevot=s arguments, even if meritorious, deprived the trial court of
Ajurisdictional power@ over the filed foreign judgmentCAthe power to hear and determine cases
of the general class to which the particular one belongs.@  See Middleton, 689 S.W.2d at
213.  Prevot does not challenge the authority of the trial court to generally
enforce foreign judgments.  See Nguyen, 93 S.W.3d at 294 n.3
(citing McEwen, 345 S.W.2d at 709B710, when recognizing as examples of
situations in which a trial court has no Ajurisdictional power@ to render a judgment: a county court
rendering a divorce decree or a judgment for title to land).[11] 
Rather, Prevot presents reasons the trial court, despite its authority to
enforce foreign judgments, allegedly should not give full faith and credit to this
particular foreign judgment.








Therefore,
Prevot=s position is no different than any
other situation in which a debtor contends a foreign judgment is not entitled
to enforcement in Texas.  Courts certainly recognize some exceptions to
according full faith and credit to a foreign judgment.  See Mindis Metals,
132 S.W.3d 477, 484B85; Reading & Bates, 976 S.W.2d at 713.[12] 
At the same time, as we have discussed, the Legislature and Texas courts
require a debtor to challenge enforcement of a filed foreign judgment under the
timetables applicable to attacking any judgment.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 35.003(c); Wu, 920 S.W.2d at 286; Urso, 93
S.W.3d at 279; Reading & Bates, 976 S.W.2d at 714B15; Bahr, 928 S.W.2d at 100; Malone,
858 S.W.2d at 548.  Consequently, the Legislature and courts clearly do not
intend that a debtor may raise these exceptions to full faith and credit at any
time simply by asserting that a meritorious claim would deprive the Texas trial
court of subject matter jurisdiction over a filed foreign judgment.  Likewise,
Prevot=s proffered reasons the trial court
should not accord full faith and credit to the Mississippi judgment at issue do
not constitute attacks on the trial court=s subject matter jurisdiction that
may be raised at any time.  Accordingly, Prevot=s argument that the trial court
lacked subject matter jurisdiction over the judgment does not support the trial
court=s ruling that it lacks jurisdiction
to enforce the judgment.

2.         Prevot may not
collaterally attack the Texas judgment by characterizing it as Avoid.@








Prevot
also suggests the trial court lacks jurisdiction to enforce the judgment
because it is Avoid.@  In some cases, the Texas Supreme Court has expressed a broader view
than the Middleton court by indicating a judgment is subject to
collateral attack on any of the grounds that render a judgment void: the
rendering court Ahad no jurisdiction of the parties, no jurisdiction of the
subject matter, no jurisdiction to enter the judgment, or no capacity to act as
a court.@  See, e.g., Browning v.
Prostok, 165 S.W.3d 336, 346 (Tex. 2005); Mapco, Inc. v. Forrest,
795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding); Cook v. Cameron, 733
S.W.2d 137, 140 (Tex. 1987); see also Reiss, 118 S.W.3d at 443. 
The court has further indicated that any other errors, such as a court=s action contrary to a statute,
constitutional provision, or rule of civil or appellate procedure, render the
judgment merely voidable, so that it must be attacked within prescribed time
limits.  See Reiss, 118 S.W.3d at 443; Mapco, 795 S.W.2d at 703;
Cook, 733 S.W.2d at 140.

Under
this broader view, none of Prevot=s contentions, even if meritorious,
fit within the defined categories of a void judgment.  See Browning, 165
S.W.3d at 346; Mapco, 795 S.W.2d at 703; Cook, 733 S.W.2d at 140;
see also Reiss, 118 S.W.3d at 443.  Instead, we construe Prevot=s contentions as arguments that the
filed foreign judgment is voidable because according it full faith and credit
violates or circumvents a rule or statute: the Texas rule of procedure
providing only Aone judgment@ may be rendered in a case; Texas statutes governing dormancy
and revival; the Texas statute of limitations for enforcement of foreign
judgments; and the alleged principle that an extension foreign judgment may not
be registered in the forum state under the UEFJA.  See Reiss, 118 S.W.3d
at 443; Mapco, 795 S.W.2d at 703; Cook, 733 S.W.2d at 140.[13]








Consequently,
again, Prevot=s contentions are no different than any challenge to enforcement of a
filed foreign judgment, which must be raised within prescribed timetables.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 35.003(c); Wu, 920 S.W.2d at
286; Urso, 93 S.W.3d at 279; Reading & Bates, 976 S.W.2d at
714B15; Bahr, 928 S.W.2d at 100; Malone,
858 S.W.2d at 548.  Therefore, Prevot may not collaterally attack the Texas
judgment by characterizing it as Avoid.@  Accordingly, Prevot=s argument that the judgment is void
does not support the trial court=s ruling that it lacks jurisdiction
to enforce the judgment.[14] 

C.        The Judgment Is Presently
Enforceable.

In sum,
the trial court erred by ruling it lacks jurisdiction to enforce the judgment.
Prevot contends his arguments opposing enforcement of the judgment are
meritorious; thus, we should uphold the trial court=s order even if it erred by ruling it
lacks jurisdiction to enforce the judgment.  We disagree.








As we
have discussed, the Mississippi judgment became a final, enforceable Texas
judgment when filed in Texas.  Prevot did not raise his challenges to
enforcement in a timely post-judgment motion or appeal from the judgment. 
Further, he may not collaterally attack the judgment on these grounds. 
Consequently, Prevot bears the burden to obtain an order vacating the judgment
via a bill of review.  Therefore, short of Prevot=s prevailing on a bill of review, the
trial court has no alternative but to enforce the judgment as requested by
Bancorp in its motion.[15]  When
reversing a trial court=s judgment, we must render the judgment the trial court
should have rendered, except when (1) remand is necessary for further
proceedings, or (2) the interests of justice require remand for another trial. 
Tex. R. Civ. App. 43.3.  Accordingly, our ruling the trial court has
jurisdiction to enforce the judgment also militates a holding that the judgment
is presently enforceable. We sustain Bancorp=s first issue.[16]

We
reverse the trial court=s final order and render judgment that (1) the trial court
has jurisdiction to enforce the ADefault Judgment@ entered by the Circuit Court of
Harrison County, Mississippi, Second Judicial District, on November 23, 2004,
and filed in Texas on February 17, 2005, and (2) the ADefault Judgment@ entered by the Circuit Court of
Harrison County, Mississippi, Second Judicial District, on November 23, 2004,
and filed in Texas on February 17, 2005 is presently enforceable as a Texas
judgment.

 

 

/s/        Charles
W. Seymore

Justice

 

 

Judgment rendered and Substitute Opinion filed May 22,
2008.

Panel consists of
Justices Yates, Seymore, and Edelman.*









[1]  Appellant=s
name has changed several times during this dispute.  We will refer to appellant
as ABancorp@
throughout this opinion.





[2]  The 1990 and 1997 judgments are not in our record,
but the parties agree they were entered.





[3]  A writ of execution was issued in 1992, but no
further writ of execution has been issued since that time.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 34.001(b) (Vernon 1997) (AIf a writ of execution is issued within 10 years after
rendition of a judgment but a second writ is not issued within 10 years after
issuance of the first writ, the judgment becomes dormant. . . . @).





[4]  See Tex. Civ. Prac. & Rem. Code Ann. ' 31.006 (Vernon 1997) (AA dormant judgment may be revived by scire facias or by an action of
debt brought not later than the second anniversary of the date that the
judgment becomes dormant.@).





[5]  The 1992 filing was in the underlying trial court. 
The 2001 and 2005 filings were in other Harris County district courts. 
Subsequently, the 2001 and 2005 filings were transferred to the underlying
trial court  and consolidated.





[6] Bancorp did not seek enforcement of the 1990
Mississippi judgment, filed in Texas in 1992, which had become dormant. 
Bancorp also filed the 1997 Mississippi judgment in a Brazoria County district
court in 1998.  However, that filing was not at issue in the motion to enforce.





[7]  AForeign
judgment@ includes Aa
judgmentYof a court of the United States.@  Tex. Civ. Prac. & Rem. Code Ann. ' 35.001.





[8]  Because we conclude the trial court had jurisdiction
to enforce the 2004 Mississippi judgment, filed in Texas in 2005, and it is
presently enforceable, we will address this judgment only; we will refer to it
as Athe judgment@
throughout our discussion, unless otherwise noted.  We will not address Bancorp=s alternative request for enforcement of the 1997
Mississippi judgment, filed in Texas in 2001.





[9]  In response to the motion to enforce, Prevot urged
his Aone judgment@
and statute-of-limitations contentions.  On appeal, he expands his argument
regarding circumvention of dormancy statutes and contends the renewed
Mississippi judgment is not entitled to registration as a Anew@ judgment.





[10]  We distinguish Prevot=s position from a situation in which a debtor claims that the sister-state
court which rendered the judgment lacked jurisdiction.  Such a claim is a
well-established exception to the full-faith-and-credit principle and
constitutes a collateral attack on the sister-state judgment, although
the debtor must timely raise this claim when the judgment is filed in Texas.  See
Reading & Bates, 976 S.W.2d at 713, 714B15 (outlining well-established exceptions to full
faith and credit while also recognizing that debtor must timely raise
objections to enforcement after foreign judgment is filed in Texas). In this
case, Prevot does not claim the Mississippi court lacked jurisdiction to
render the judgment.  Rather, he suggests the Texas trial court lacked
jurisdiction over the Mississippi judgment when filed in Texas.





[11]  Further, there is no indication the trial court was
not a Acourt of competent jurisdiction.@  See Tex. Civ. Prac. & Rem. Code Ann. ' 35.003(b) (providing that foreign judgment Amay be filed in the office of the clerk of any court
of competent jurisdiction of this state.@);
Tex. Gov=t Code Ann.
' 24.007 (Vernon 2004) (stating district court has 
jurisdiction provided by Article V, Section 8, of the Texas Constitution); Tex.
Const. art. V, ' 8 (providing district court has Aexclusive, appellate, and original jurisdiction of all
actions, proceedings, and remedies, except in cases where exclusive, appellate,
or original jurisdiction may be conferred by this Constitution or other law on
some other court, tribunal, or administrative body.@).





[12]  The following are well-established exceptions to
full faith and credit: (1) the judgment is interlocutory; (2) the judgment is
subject to modification under the law of the rendering state; (3) the rendering
court lacks jurisdiction; (4) the judgment was procured by fraud; or (5)
limitations has expired under Texas Civil Practice and Remedies Code section
16.066.  See Mindis Metals, 132 S.W.3d 477, 484B85; Reading & Bates, 976 S.W.2d at 713. 
The Reading & Bates court also stated that a sister state judgment
need not be recognized or enforced in Texas A>if
such recognition or enforcement is not required by the national policy of full
faith and credit because it would involve an improper interference with
important interests of [Texas].=@  976 S.W.2d at
713 (quoting Restatement (Second) of  Conflict of Laws ' 103 (1988)).





[13]  Prevot primarily relies on his Aone judgment@
argument when asserting the judgment is void.  As Prevot asserts, Bancorp
previously filed in Texas its earlier Mississippi judgments.  Prevot cites Mullins
v. Thomas, in which the court held that entry of a second final judgment in
the same case does not vacate the first, and if nothing shows the first has
been vacated, the second is a Anullity.@  136 Tex. 215, 150 S.W.2d 83, 84 (1941).  Therefore,
Prevot asserts the judgment at issue is a nullity in light of the earlier
filings.  Apparently, Prevot contends that Anullity@ equals void ab initio, such that he may attack the
judgment at any time.  We have recently recognized that the Mullins rule
has been eroded;  instead, we have treated a change in a judgment while the
trial court retained plenary power as a modified, corrected, or reformed
judgment which presumptively vacated the former judgment.  See Quanaim v.
Frasco Rest. & Catering, 17 S.W.3d 30, 37B40 (Tex. App.CHouston [14th Dist.] 2000, pet. denied); Ott v.
Touchstone, 2005 WL 2420376, at *2B3
(Tex. App.CHouston [14th Dist.] Aug. 25, 2005, no pet.) (mem.
op.); see also Deep Water Slender Wells, Ltd. v. Shell Int=l Exploration & Production, Inc., 234 S.W.2d 679, 695B96 (Tex. App.CHouston [14th Dist.] 2007, pet. filed).  Regardless
of the prevailing standard, these approaches for determining the operative
judgment have typically been applied when a trial court entered multiple
conflicting judgments in the same Texas proceeding while it retained plenary
power.  See, e.g., Quanaim, 17 S.W.3d at 34; Hammett v.
Lee, 730 S.W.2d 350, 350B51 (Tex. App.CDallas 1987, writ dism=d w.o.j.). Nevertheless, we need not decide whether the Aone judgment@
rule, or the Mullins principle for determining the operative judgment,
apply when a creditor files in Texas for enforcement purposes multiple,
separate judgments rendered by a sister-state court.  Since Mullins, the
Texas Supreme Court has articulated the circumstances which render a judgment
void and thus subject to collateral attack.  See Browning, 165 S.W.3d at
346; Mapco, 795 S.W.2d at 703; Cook, 733 S.W.2d at 140; see
also Reiss, 118 S.W.3d at 443. Prevot=s Aone judgment@
contention does not fit within these defined categories of a Avoid@ judgment. 





[14]  Finally, Prevot insists that he is at risk of
multiple collections if the judgment at issue is enforceable; he asserts
Bancorp will have multiple judgments in effect, considering the earlier Texas
filings.  However, there is no indication Bancorp is attempting to collect
multiple times.  Instead, as Prevot emphasizes, the 1992 Texas filing has
become dormant.  Further, Bancorp requested enforcement of the 2001 Texas
filing only as an alternative to enforcement of the 2005 Texas filing. 
Apparently, Bancorp is attempting to collect even once on its judgment. 
Regardless, another issue might be presented if Bancorp eventually attempts
multiple collections.  In this case, Prevot=s
concern is offered to support his contention that the judgment at issue is
unenforceable in Texas in light of the earlier filings, which he may not raise
by collateral attack.





[15]  We express no opinion on the merits of any
later-filed bill of review.





[16]  Based on our disposition of Bancorp=s first issue, we need not consider its second issue,
substantively challenging Prevot=s
arguments opposing enforcement.





*  Senior Justice Richard H. Edelman sitting by
assignment.