

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-22-00036-CV**

**ADAM S. HOWELL,**

**Appellant**

**v.**

**DYCK-O'NEAL, INC., ASSIGNEE OF BANK OF AMERICA, N.A.**
**SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP**
**F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP,**

**Appellees**

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 104288**

**DISSENTING OPINION**

The judgment for this appeal is where I started my review and detected the first problem. The judgment is simply not one of the judgments that we have the authority to issue, TEX. R. APP. P. 43.2, and is contrary to well established case law. If we have no jurisdiction, which is purportedly why the Court is dismissing the appeal, we can render no judgment other than to dismiss the appeal. *See Hall v. Wilbarger County*, 37 S.W.2d 1041, 1046 (Tex. Civ. App.—Amarillo 1931), *affirmed*, *Wilbarger County v. Hall*, 55 S.W.2d

797 (Tex. 1932). Since at least 1999, Ben Taylor has led the charge to cause Courts of Appeals across the State to render judgments that comply with the rules and relevant precedent, specifically including as it relates to the form of the judgment.[1] I had been on the Court less than a year when he caught me, as the author of an opinion, in such an error and filed an Amicus brief to further my education so that I could correct the judgment on rehearing. *See Young Materials Corp. v. Smith*, 4 S.W.3d 84 (Tex. App.—Waco 1999, no pet.).

To support my argument that the judgment in this appeal was a problem, I looked at a number of cases and distilled them down to the following list.

In reverse chronological order of their issuance:

*In re Estate of Wilhelm*, 10-19-00051-CV, Johnson, panel Gray, Johnson, and Smith;

*Garcia v. Meece*, 10-19-00052-CV, Neill, panel Gray, Davis, and Neill;

*Addington v. Bank of Am., N.A.*, 10-03-00342-CV, PC, panel Gray, Vance, and Reyna.

*Markowitz v. St. Joseph Reg'l Health Ctr.*, 01-03-00398-CV, PC, panel Radack, Taft, and Bland.

Two other cases, which I will briefly mention, are *Miller v. J.B. Vega, Corp.*, 04-07-00887-CV, PC, panel Angelini, Marion, Simmons and *De Lage Landen Fin. Servs. v. M.D.H. Oilfield Servs. LLC*, 02-22-00239-CV, Wallach, panel Sudderth, Wallach, and Gabriel.

The first two referenced above are the only ones in this group which actually

---

[1] To some extent, Ben Taylor was picking up the banner flown by Justice Calvert. *See* Robert W. Calvert, *Appellate Court Judgments or Strange Things Happen on the Way to Judgment*, 6 Tex. Tech L. Rev. 915 (1975).

discuss the limits on the form of the judgment—specifically, that we cannot vacate or dismiss the trial court's judgment/order and then dismiss the appeal. *Wilhelm*, which incidentally is from the same members of the Court as the current appeal, states, "We have no authority to dismiss the suit in the trial court and, at the same time, dismiss the appeal. We have the authority, however, to vacate the trial court's judgment and then dismiss the case by agreement of the parties." *In re Estate of Wilhelm*, No. 10-19-00051-CV, 2022 Tex. App. LEXIS 5032, at *2 (Tex. App.—Waco July 20, 2022, no pet.) (mem. op.). And *Garcia* states, "We have no authority to dismiss the suit in the trial court and dismiss the appeal. We have the authority, however, to vacate the trial court's judgment and dismiss the case by agreement of the parties." *Garcia v. Meece*, No. 10-19-00052-CV, 2020 Tex. App. LEXIS 2935, at *1 (Tex. App.—Waco Apr. 8, 2020, no pet.) (mem. op.). While both of these cases were settlement dismissals, that part of the statement cites and relies on another Texas Rule of Appellate Procedure, specifically Rule 42.1(a)(2)(A).

Interestingly the *Markowitz* opinion noted that the parties motion/request was to vacate the trial court's judgment and dismiss the appeal. Although they did not further discuss it, that Court did not do as the parties requested. Rather, the Court vacated the trial court's judgment and dismissed the case, citing *Young Materials Corp. v. Smith*, 4 S.W.3d 84 (Tex. App.—Waco 1999, no pet.), and dismissed the request to dismiss the appeal as moot. *See Markowitz v. St. Joseph Reg'l Health Ctr.*, No. 01-03-00398-CV, 2004 Tex. App. LEXIS 6344, at *1 (Tex. App.—Houston [1st Dist.] July 15, 2004, no pet.) (mem. op.).

The point of this is that there is a distinction between dismissing the appeal and

dismissing the case. I believe that the cases cited in the opinion, *Bahr v. Kohr*, 928 S.W.2d 98 (Tex. App.—San Antonio 1996, writ denied), as well as *Miller, see Miller v. J.B. Vega Corp.*, No. 04-07-00887-CV, 2008 Tex. App. LEXIS 8287 (Tex. App.—San Antonio Nov. 5, 2008, no pet.) (mem. op.) and *De Lage, see De Lage Landen Fin. Servs. v. M.D.H. Oilfield Servs. LLC*, No. 02-22-00139-CV, 2023 Tex. App. LEXIS 2108 (Tex. App.—Fort Worth Mar. 30, 2023, no pet. h.) (mem. op.), are examples in which the Court of Appeals rendered the wrong type of judgment; but no one complained about it, notwithstanding the Court had no authority to render the judgment it did.[2] In support of this view of these errant judgments, I note that the San Antonio Court in *Miller* actually cited *Young Materials Corp.* from this Court for the form of its judgment, notwithstanding that *Young Materials Corp.* actually holds that the San Antonio Court's judgment was not a proper form for the judgment.

But the problems in this appeal are more fundamental than merely tinkering with the form of the judgment. The error in the judgment is merely what caused me to keep digging into the merits of the case and the manner of its disposition. After a couple of times through the briefs and the proposed opinion it dawned on me: dismissal probably is the correct judgment but not for the reasons stated in the opinion. Rather, we have no jurisdiction because there is not a final judgment from which this appeal has been brought. The docketing statement filed by the appellant expressly notes that the appeal

---

[2] I note that there was no discussion or analysis of the propriety of the form of the judgment in these three cases; and it does not appear that any justice on the panel raised the issue. In such a circumstance, I do not believe these cases provide any proper precedent for the practice which appears to be contrary to the Rule which this Court cites as authority for the form of its judgment.

is not of a final judgment. And the docketing statement and the notice of appeal clearly make reference to the trial court's "order" denying the motion to vacate signed on October 27, 2021 as the order being appealed.

The order Howell is attempting to appeal is not a final judgment from which an appeal can be taken; thus, it appears the appeal needs to be dismissed. However, to properly get there, we should send the required notice in which we question our jurisdiction. *See* TEX. R. APP. P. 42.3.

And if we dismiss for want of our jurisdiction, we cannot also vacate the trial court's order/findings. Moreover, I do not think that we need to or should vacate the trial court's order and findings because I think the trial court had jurisdiction to render the order and make the findings. The parties are engaged in post-judgment collection efforts. The motion to vacate, which the trial court denied, was filed on the date to which post-judgment discovery had been extended and was due. While I have not done much post-judgment-collection work, in practice or while on the Court, this looks like what I would expect a trial court to have to deal with in such proceedings and would be part of its jurisdiction to enforce "its" judgment, which, in this situation, is the domesticated judgment from Kentucky. The trial court thus would have had the jurisdiction to deny, but probably not grant, the motion which was the result of Howell resisting collection efforts on the domesticated Kentucky judgment. I think the findings are unnecessary,

but not beyond the trial court's jurisdiction to make.[3]

We should send a notice which questions our jurisdiction. If we dismiss the appeal for want of jurisdiction, we cannot also vacate the trial court's order and findings. Because that is what the Court attempts to do, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting Opinion delivered and filed June 14, 2023



---

[3] Both parties tried to do a primer on collection law. We currently have more cases pending at this Court which address collection efforts than I recall during the last 20 years here. It might not be a bad time to have oral argument in one, or several, of these appeals.