Kathleen MARKHAM, Appellant,

v.

DIVERSIFIED LAND & EXPLORATION CO. and Diversified Production Services, Inc., Appellees.

No. 03–97–00616–CV.

Court of Appeals of Texas,
Austin.

July 16, 1998.

Rehearing Overruled Aug. 31, 1998.

**438**

Darrell Frank Smith, San Antonio, for Appellant.

Richard O. Weed, Archer & Weed, Newport Beach, CA, for Appellees.

Before POWERS, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Diversified Land & Exploration Co. and Diversified Production Services, Inc. ("Diversified") filed a California default judgment in Texas under the Uniform Enforcement of Foreign Judgments Act ("UEFJA")[1] seeking to enforce the judgment against appellant Kathleen Markham, a resident of Comal County. Markham filed a bill of review, seeking to stay enforcement of the foreign judgment. The trial court denied the bill of review and the stay. Markham brings this appeal, alleging that (1) the UEFJA is unconstitutional as applied in this case; (2) the trial court erred in converting a pre-trial hearing into a consideration of the merits of the bill of review; and (3) the trial court erred in denying appellant's request for written discovery. We will affirm the trial court's judgment.

## BACKGROUND

In 1989 Kathleen and Thomas Markham, and their closely-held corporation, Alta Minerals, Inc., were sued in California by the two Diversified corporations. Diversified obtained a default judgment in 1990. In 1996 Diversified registered its default judgment under the UEFJA in Comal County where Kathleen, now divorced from Thomas, was living. In 1997 when Diversified garnished her bank accounts, she filed this bill of review and motion to stay. There were several hearings regarding turnover orders, none of which are part of this appeal. The trial court granted Diversified protection from Markham's request for written discovery and denied Markham's bill of review and request for a stay. Markham brings this appeal, complaining mostly of the inequities of the UEFJA as applied to her in this situation.

1. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 35.001–.008 (West 1997).

## DISCUSSION

### Bill of Review

■ We first note that to prevail in her bill of review, Markham must show (1) she had a meritorious claim or defense (2) that she was prevented from asserting by the fraud, accident, or mistake of the opposing party (3) unmixed with any fault or negligence of her own. *See Caldwell v. Barnes,* 941 S.W.2d 182, 186 (Tex.App.—Corpus Christi 1996, no writ) (citing *Ortega v. First RepublicBank Fort Worth, N.A.,* 792 S.W.2d 452, 453 (Tex.1990)). Markham must present a meritorious defense, not to the validity of the underlying judgment but to the validity of the judgment's claim to full faith and credit. *See Schwartz v. F.M.I. Properties Corp.,* 714 S.W.2d 97, 99 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Markham has not presented a meritorious defense which she was prevented from asserting due to the fraud of the judgment creditor unmixed with any negligence of her own in challenging the full faith and credit of the California judgment. Markham does not challenge the notice of the registration of the foreign judgment, but only complains that the judgment creditor "ambushed" her by garnishing her bank accounts.

### Constitutionality of UEFJA as Applied

■ It is well established that a state must give the final judgment of a sister state the same force and effect to which the judgment would be entitled in the state in which it was rendered. U.S. Const. Art. IV, § 1. In Texas, this principle is embodied in the Uniform Enforcement of Foreign Judgments Act (UEFJA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001–.008 (West 1997). When a judgment creditor introduces a properly authenticated copy of the foreign judgment, the burden of establishing why it should not be given full faith and credit shifts to the judgment debtor. *First Nat'l Bank of Libby, Montana v. Rector,* 710 S.W.2d 100, 103 (Tex.App.—Austin 1986, writ ref'd n.r.e.). The fact that a foreign judgment was taken by default does not defeat its presumption of validity. *Hill Country Spring Water of Tex., Inc., v. Krug,* 773 S.W.2d 637, 639 (Tex. App.—San Antonio 1989, writ denied). Re-

citals in the foreign judgment are presumed to be valid and the attacker has the burden to produce evidence showing lack of jurisdiction. *Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex.1975). A defendant may challenge the jurisdiction of a sister state by demonstrating that (1) service of process was inadequate under the rules of the sister state or (2) the sister state's exercise of *in personam* jurisdiction offends the due process of law. *First Nat'l Bank of Libby,* 710 S.W.2d at 104. In a multifarious attack on the constitutionality of the UEFJA, appellant appears to raise both challenges to the jurisdiction of the California court, along with several other complaints about the UEFJA.

■ Markham first challenges her service of process in the underlying suit. In 1989 while a resident of Comal County, Markham was served with notice of the California suit by Ray Baker, a Comal County deputy sheriff. In the certificate of service filed in the California court, Markham indicated her receipt of the summons by signing on the wrong line, a line reserved for the process server, whose name and signature appeared in a different place. She now claims that this service was invalid because it shows that she was herself the process server, which would make the service invalid under California law. *See* Cal.Code Civ. Pro. § 414.10 (West 1973 & Supp.1998) (a summons may be served by any person who is at least 18 years of age and not a party to the action). The notice filed in the California suit does reflect that Kathleen Markham signed on the wrong line, but it also indicates that the summons was served by Ray Baker, deputy sheriff. We refuse the invitation to hold the service improper based on such a technicality and find the certificate of service substantially complied with the governing California law.

■ Markham also challenges the California court's *in personam* jurisdiction over her, alleging she had insufficient contact with California and the plaintiffs in the lawsuit involving her former husband and his corporation. Markham insists that she was a resident of Texas when she was served in Texas for the California lawsuit. Jurisdiction may not be avoided merely because the defendant

was not physically present in the forum state. *See First Nat'l Bank of Libby,* 710 S.W.2d at 106 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Markham had the burden of proof to establish her lack of minimum contacts with the forum state. *See Mitchim,* 518 S.W.2d at 364. However, in her own affidavit attached to the bill for review, Markham acknowledges that she was an officer and director of Alta Minerals, Inc., the corporation being sued in California. In effect, Markham is challenging the fact that she must assume the burden of establishing the California court's lack of jurisdiction. She claims that "[o]ther than the presumption of validity there was no showing of any determination that Kathleen Markham had certain minimum contacts with the California forum...." The Texas Supreme Court recently applied to a case proceeding under the UEFJA its holding in *Mitchim* that a foreign judgment, valid and final on its face, makes a prima facie case for the party seeking to enforce it, and the burden is on the resisting party to prove the judgment is not valid. *Walnut Equip. Leasing Co., Inc. v. Wu,* 920 S.W.2d 285, 286 (Tex.1996) (citing *Mitchim,* 518 S.W.2d at 364). We therefore decline to hold unconstitutional the presumption of validity in the UEFJA that places the burden of challenging the forum state's jurisdiction on the judgment debtor once a foreign judgment is properly authenticated and registered. We hold that Markham failed to establish that California lacked *in personam* jurisdiction in the underlying suit.

Without raising a challenge to the notice of registration that is required under UEFJA, Markham complains that the judgment creditor waited to enforce its judgment until the time for appeal had passed and then garnished her bank accounts, leaving her no relief but to satisfy the burdensome bill of review requirements. This may indeed be a cumbersome burden, but Markham fails to explain why she did not challenge the initial registration of the California judgment before her accounts were garnished. The UEFJA afforded Markham an opportunity to rebut the presumption that this foreign judgment was entitled to full faith and credit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 35.003(c).[2] For whatever reason she failed to do so until after the time for appeal had passed and she was confronted with the harsh reality of a garnished bank account and the stiff requirements of seeking a bill of review.

Markham also complains that she was unable to meet the security requirements of UEFJA section 35.006 to stay the disruptive garnishment of her accounts. *See* Tex. Civ. Prac. & Rem.Code Ann. § 35.006 (for stay of foreign judgment, judgment debtor required to provide same security for satisfaction of judgment required in Texas). While we do not doubt the hardship the enforcement of this foreign judgment imposed on Markham, she cites no reasons why security should not be required for the satisfaction of any judgment that would be stayed, and we can think of none.

■ Finally, under this section challenging the constitutionality of the UEFJA as applied, Markham asserts that the underlying California judgment should not be afforded full faith and credit because it is not a final judgment. Two corporations sharing the name of Diversified sued Mike Ward, Bermuda Hydrocarbons Inc., Tom Markham, Kathleen Markham, and Alta Minerals, a Texas corporation. The California court ordered the plaintiff (singular) to recover from the said defendant (singular). Markham argues this judgment, using the singular *defendant,* did not dispose of all the defendants. We reject this argument as even more hypertechnical than her argument regarding the irregularity of the service of process.

Having found no merit in any of the multifarious points grouped under her complaint attacking the constitutionality of the UEFJA as applied in this case, we overrule the first issue.

### Hearing on the Bill of Review

■ In her second complaint, Markham urges that the trial court erred in proceeding

---

**2.** "A filed foreign judgment has the same effect and is subject to the same defenses, and proceedings for reopening, vacating, staying, enforcement, or satisfying a judgment as a judgment of the court in which it is filed." Tex. Civ. Prac. & Rem.Code Ann. § 35.003(c).

to determine the meritorious defense elements of her bill of review at a pre-trial hearing. It appears the hearing was scheduled to resolve appellee's protective order. Once that was granted, at Diversified's suggestion the trial court appeared ready to hear evidence on appellant's bill of review. At first Markham asked for a continuance, which the trial court was prepared to grant. But the record reflects that Markham then withdrew the motion for a continuance and agreed to proceed to the merits of her claim for a bill of review; the court denied the bill of review. Having reviewed the record, we find that the complaint was not preserved and nothing is presented for our review. *See* Tex.R.App. P. 33.1. We overrule the second complaint.

### Discovery Complaints

 In her third issue on appeal from the summary judgment denying the bill of review, Markham complains of the trial court's grant of a protective order in favor of Diversified. In complaining of the trial court's failure to require Diversified to answer certain written discovery requests, Markham insists that the discovery she seeks is necessary to establish certain meritorious defenses to the California judgment. The trial court ruled that the discovery sought was irrelevant to the matters at issue in this bill of review. We agree. In this bill of review Markham must establish a meritorious defense to the California judgment's claim to full faith and credit under the UEFJA, not a meritorious defense to the subject matter of the underlying lawsuit. *See Schwartz*, 714 S.W.2d at 99. We will disturb the trial court's judgment on matters of discovery only for an abuse of discretion. *Templeton v. Dreiss*, 961 S.W.2d 645, 663 (Tex. App.—San Antonio 1998, pet. denied). We hold that the trial court did not abuse its discretion in granting the protective order and overrule the third issue on appeal.

### CONCLUSION

There is no evidence in the record that appellant met the requirements for obtaining a bill of review or a stay. Having overruled all of the issues raised on appeal, we affirm the trial court's judgment.