NUMBER 13-06-302-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

PLAYNATION PLAY SYSTEMS, INC. Appellant,


v.
 


FELIX GUAJARDO D/B/A GUAJARDO TURF FARMS, Appellee.

 




On appeal from the County Court at Law No. 5 of


Hidalgo County, Texas.


 




MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Benavides



 In this appeal we must decide whether appellee Felix Guajardo, a resident of
Hidalgo County, Texas, may collaterally attack a judgment issued against him by a court
in Cobb County, Georgia for lack of jurisdiction. We find that the Georgia court gave
Guajardo an adequate opportunity to fully and fairly litigate the issue of jurisdiction. Thus,
the Texas court where appellant PlayNation Play Systems, Inc. sought to domesticate the
judgment is obligated by the Full Faith and Credit Clause of the United States Constitution
to recognize the validity of the Georgia court ruling. We hold that the Texas trial court's
failure to recognize the Georgia judgment was an abuse of discretion. Therefore, we
reverse the trial court's judgment and remand for enforcement proceedings.

I. Background

 PlayNation Play Systems, Inc. ("PlayNation") manufactures playground equipment
for children. The firm's corporate headquarters and manufacturing facility is located in
Georgia, but PlayNation sells its products through a network of authorized retailers
positioned throughout the United States. Felix Guajardo was one such retailer. He sold
PlayNation's equipment through his sole proprietorship, Guajardo Turf Farms, in Hidalgo
County, Texas.

 Guajardo claims to have become dissatisfied with the equipment that he ordered
from PlayNation because, contrary to the assurances given to him by PlayNation, the
equipment bent and warped in the hot climate of South Texas, leaving him with damaged
products that he could not sell. Guajardo refused to pay PlayNation for the allegedly
defective playground equipment. PlayNation, in turn, terminated its relationship with
Guajardo and sued him for breach of contract in Cobb County, Georgia.

 Through counsel, Guajardo voluntarily entered a limited appearance and motion to
dismiss for lack of jurisdiction and venue in the Georgia court. The court found that
Guajardo had the requisite minimum contacts with Georgia to justify in personam
jurisdiction. Guajardo never appealed the ruling, nor appeared for his subsequent trial. (1) 
On August 25, 2003, the court rendered a default judgment against him for $57,094.00. 
Guajardo did not appeal the default judgment.

 PlayNation then attempted to domesticate the Georgia judgment in County Court
at Law No. 5 in Hidalgo County, Texas, but the Texas trial court found that the Georgia
court lacked in personam jurisdiction over Guajardo and declared the judgment "null and
void." PlayNation now appeals.

II. Standard of Review

 A contest to the enforcement of a foreign judgment operates essentially as a motion
for new trial and is thus reviewed under an abuse of discretion standard. Mindis Metals,
Inc. v. Oilfield Motor & Control, Inc., 132 S.W.3d 477, 483 (Tex. App.-Houston [1st Dist.]
2004, pet. denied). The test for abuse of discretion is whether the trial court acted without
reference to any guiding rules or principles, or whether under the circumstances of the
case, the trial court's actions were arbitrary or unreasonable. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 A collateral attack may be asserted in order to set aside judgments that are void for
lack of personal jurisdiction. Zarate v. Sun Oper. Ltd., Inc., 40 S.W.3d 617, 620 (Tex.
App.-San Antonio 2001, pet. denied); see also Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000) (stating that "the purpose of a plea to the jurisdiction is to defeat a
cause of action without regard to whether the claims asserted have merit"). When
reviewing collateral attacks, public policy strongly favors recognizing the validity of
judgments; therefore, we must indulge all presumptions consonant with reason in order to
uphold the binding effect of such judgments. Charles Brown, L.L.P. v. Lanier Worldwide,
Inc., 124 S.W.3d 883, 894 (Tex. App.-Houston [14th Dist.] 2004, no pet.); Johnson v.
Ventling, 132 S.W.3d 173, 177 (Tex. App.-Corpus Christi 2004, no pet.). The judgment
debtor bears the burden of overcoming the full faith and credit given to foreign judgments. 
Cash Register Sales & Servs. of Houston v. Copelco Capital, 62 S.W.3d 278, 280-81 (Tex.
App.-Houston [1st Dist.] 2001, no pet.). The presumption can only be overcome by
establishing one of the following exceptions by clear and convincing evidence: (1) that a
decree is interlocutory; (2) that a decree is subject to modification under the law of the
rendering state; (3) that the judgment was procured by extrinsic fraud; (4) that the period
for enforcing the judgment has expired; or (5) that the rendering court lacks jurisdiction. 
Mindis Metals, 132 S.W.3d at 484-85; see also Brown's, Inc. v. Modern Welding Co., 54
S.W.3d 450, 454 (Tex. App.-Corpus Christi 2001, no pet.). A judgment debtor can meet
the burden of demonstrating a court's lack of jurisdiction by demonstrating, for example,
that a sister-state's exercise of in personam jurisdiction offends due process of law. Cash
Register Sales, 62 S.W.3d at 281; Markham v. Diversified Land & Exploration Co., 973
S.W.2d 437, 439 (Tex. App.-Austin 1998, pet. denied).

 Ultimately, we apply an abuse of discretion standard in this case that is slightly less
deferential than the typical abuse of discretion standard because we also recognize that
the law requires a trial court to give full faith and credit to a foreign judgment unless the
defendant meets the burden of establishing one of the above exceptions. Mindis Metals,
132 S.W.3d at 484-86.

III. Full Faith and Credit

 Article IV, Section I of the United States Constitution--commonly referred to as the
"Full Faith and Credit Clause"--provides that "[f]ull faith and credit shall be given in each
state to the public acts, records, and judicial proceedings of every other state." U.S.
Const. art. IV, § I. Pursuant to this clause, when a challenge to a foreign court's judgment
is made on jurisdictional grounds, the reviewing court is limited to inquiring as to whether
the jurisdictional question was fully and fairly litigated and whether a final judgment as to
the jurisdictional issue was rendered. Durfee v. Duke, 375 U.S. 106, 111 (1963). An issue
is considered "fully and fairly litigated" when the party contesting jurisdiction has (1)
voluntarily appeared, (2) presented his or her case, and (3) been fully heard. Baldwin v.
Iowa State Traveling Men's Ass'n., 283 U.S. 522, 525-26 (1931).

 In Baldwin, the U.S. Supreme Court stated that "[p]ublic policy dictates that there
be an end of litigation; that those who have contested an issue shall be bound by the result
of the contest, and that matters once tried shall be considered forever settled as between
the parties." Id. at 525. The Court further stated that it saw "no reason why this doctrine
should not apply in every case where one voluntarily appears, presents his case and is fully
heard, and why he should not, in the absence of fraud, be thereafter concluded by the
judgment of the tribunal to which he has submitted his cause." Id. at 525-26. This
precedent has been applied for nearly eighty years, and is a landmark in modern civil
procedure. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (U.S. 1999); James
B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 542 (U.S. 1991); Kremer v. Chem. Constr.
Corp., 456 U.S. 461, 483 (U.S. 1982); Durfee, 375 U.S. at 111-12; Sherrer v. Sherrer, 334
U.S. 343, 348 (U.S. 1948).

 After making sufficient jurisdictional inquiries, a court is constitutionally obligated to
give "full faith and credit" to the merits issues decided by the foreign court. Durfee, 375
U.S. at 111. If a defendant is unsatisfied with the foreign court's ruling as to jurisdiction,
the proper redress is to appeal within the foreign court's judicial system. Baldwin, 283 U.S.
at 525. Texas applies the Baldwin precedent, and thus a properly proven foreign judgment
must be recognized and given effect in a Texas court coextensive with that to which it is
entitled in the rendering state. Bard v. Charles R. Myers Ins. Agency, Inc., 839 S.W.2d
791, 794 (Tex. 1992); see also Navarro v. San Remo Mfg. Inc., No. 05-05-01511-CV, 2006
Tex. App. LEXIS 3, at *10 (Tex. App.-Dallas 2006, no pet. h.) (mem. op.). A Texas court
must limit itself to the jurisdictional question, and must not investigate the merits of the
sister state's decision. Mindis Metals, 132 S.W.3d at 486 (a challenge to enforcement of
a foreign judgment is a collateral attack, and the merits of the original controversy may not
be challenged).

 Texas has further adopted the Uniform Enforcement of Foreign Judgments Act
("UEFJA"), which provides that a foreign judgment is enforceable if an authenticated copy
is filed with the clerk of a Texas court. Tex. Civ. Prac. & Rem. Code Ann. §§
35.001-35.003 (Vernon 1997). If the procedural requirements of the Act are properly
followed, the clerk must treat the foreign judgment in the same manner as a judgment from
a Texas court. Tex. Civ. Prac. & Rem. Code Ann. § 35.003(b) (Vernon 1997). The fact
that a foreign judgment was taken by default does not defeat its presumption of validity. 
Markham, 973 S.W.2d at 439.

 If, however, the Texas court finds that a foreign court lacked jurisdiction over the
parties or property because it did not allow the defendant to appear, present his or her
case, or be fully heard, then the judgment must be ruled null and void. Markham, 973
S.W.2d at 439 (judgments are void for lack of personal jurisdiction if defendant's due
process rights were not observed in the foreign jurisdiction); see also Mapco, Inc. v.
Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (judgments are void for lack of personal
jurisdiction if rendered contrary to constitutional or valid statutory prohibition). The
recitations of the judgment itself control the rest of the record, and extrinsic evidence may
not be used. Narvaez v. Maldonado, 127 S.W.3d 313, 317 (Tex. App.-Austin 2004, no
pet.). Therefore, an alleged lack of jurisdiction must appear from the recitals on the face
of the judgment. Shackelford v. Barton, 156 S.W.3d 604, 606 (Tex. App.-Tyler 2004, pet.
denied). When recitations in a judgment are insufficient to affirmatively show the court's
jurisdiction, a presumption in favor of jurisdiction prevails so long as the recitations do not
affirmatively show a lack of jurisdiction. Foreness v. Hexamer, 971 S.W.2d 525, 531 (Tex.
App.-Dallas 1997, pet. denied); Huffstutlar v. Koons, 789 S.W.2d 707, 710 (Tex.
App.-Dallas 1990, no writ). A collateral attack fails if the judgment contains jurisdictional
recitals, even if other parts of the record show a lack of jurisdiction. Ventling, 132 S.W.3d
at 178.IV. Analysis

 Guajardo argues that the default judgment issued against him by the trial court in
Georgia is invalid because the recitals on the face of the judgment do not assert the court's
jurisdiction. Guajardo's position is that because the judgment does not contain a recital
explicitly and affirmatively declaring jurisdiction, the Texas court in which PlayNation filed
a notice of judgment must find the judgment void. Guajardo further argues that the
judgment of the Georgia court contains "no statements regarding the [court's] jurisdiction"
(emphasis in original). We disagree.

 The judgment's language appropriately recited jurisdictional facts by succinctly
stating the following: "On May 29, 2002, Defendant filed a Limited Appearance and Motion
to Dismiss for Lack of Jurisdiction and Venue. On January 22, 2003, the Court entered an
Order denying Defendant's Motion." By explaining that Guajardo exercised his right to
contest the court's jurisdiction and lost, the court is unambiguously stating that it has
jurisdiction over him. It is further stating that it has given Guajardo an opportunity to
present his counter-argument, considered his position, and made a ruling upon it. The
language from the Georgia court incontrovertibly addresses the jurisdictional issue.

 It is clear that Guajardo was given an opportunity to "fully and fairly litigate" his claim
under the Baldwin test. First, he voluntarily entered a limited appearance and motion to
dismiss for lack of jurisdiction and venue through his counsel before the Cobb County
court--even though he had the option not to appear and instead to raise the issue in a
Texas court. Secondly, there is no evidence that Guajardo was prohibited from presenting
his case in the Georgia court before it rendered its decision. Finally, there is no evidence
that Guajardo was not "fully heard." He had the right to appeal the judgment rendered
against him, but chose not to exercise that right. All three elements of the Baldwin test
were satisfied, and it appears that Guajardo's due process rights were properly observed
in Georgia at every stage of the legal proceedings.

 Nevertheless, Guajardo also argues that the judgment of the Georgia court is void
because it does not contain the phrase, "It is ordered and adjudged." In support of this
argument, Guajardo cites a section of the Georgia Civil Code which provides a template
for drafting judicial opinions. See O.C.G.A. § 9-11-132. A citation to an instructive
template, however, is not persuasive legal authority, such as citation to statutory or
common law. We are unable to locate a single case--state or federal--which has held
that a Georgia judgment is void merely because it deviates from the statutory template by
omitting the specific phrase, "It is ordered and adjudged." Such an argument would elevate
form over substance, a result that is disfavored in the law.

V. Conclusion

 The Texas trial court was merely entrusted with inquiring whether due process rights
were extended to Guajardo, and it is clear that they were extended. Therefore, the trial
court's refusal to domesticate the judgment was an unconstitutional denial of full faith and
credit to the Georgia court's judgment and an abuse of discretion. Pursuant to the UEFJA,
the Georgia default judgment is considered a Texas default judgment, and it has the same
effect and is subject to the same procedures, defenses, and proceedings for reopening,
vacating, staying, enforcing or satisfying a judgment of a Texas court. Tex. Civ. Prac. &
Rem. Code Ann. §35.003(c) (Vernon 1997).

 Therefore, the judgment of the district court is REVERSED and REMANDED for
further enforcement proceedings consistent with this opinion.


 ____________________________

 GINA M. BENAVIDES,

 Justice




Memorandum Opinion delivered and filed 

this the 17th day of May, 2007.

1. Guajardo would have been entitled to appeal the default judgment under the Georgia Code. See
O.C.G.A. § 5-6-33 ("Either party in any civil case ... in the superior, state, or city courts may appeal from any
sentence, judgment, decision, or decree of the court.")