

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00117-CV

———————————————

FADUMO OSMAN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF YASMIN ABDILLAHI, DECEASED; AHMED ABDILLAHI AHMED; AND ANAB AHMED, Appellants

V.

CITY OF FORT WORTH AND DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD, Appellees

———————————————

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-317281-20

———————————————

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

This is an interlocutory appeal from trial court orders granting two pleas to the jurisdiction—one in favor of Appellee City of Fort Worth, and the other in favor of Appellee Dallas/Fort Worth International Airport Board (together, the Governmental Entities). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). The underlying case involves the tragic death of 20-year-old Yasmin Abdillahi, who was struck by a train in a right-of-way owned by the City after allegedly crossing adjacent property owned by the Airport Board. Appellants, who are members of Abdillahi's family (collectively, the Family Members), sued the Governmental Entities and alleged that the Texas Tort Claims Act waived the Governmental Entities' sovereign immunity. But the Governmental Entities argued that they were not given the presuit notice required by the Act, thereby depriving the trial court of subject matter jurisdiction. When the Governmental Entities filed pleas to the jurisdiction on this basis, the Family Members initially moved for continuance to allow additional time for discovery, although they subsequently told the trial court that they were "fine" to proceed with the pleas after all. The trial court denied the continuance and granted the Governmental Entities' pleas.

On appeal, the Family Members argue that the trial court's refusal to allow additional discovery was an abuse of discretion and that the trial court erred by granting the Governmental Entities' pleas because the Family Members raised a

genuine issue of material fact regarding the Governmental Entities' actual, presuit notice.

Even assuming that the Family Members did not waive their motions for continuance, they failed to explain the nature and materiality of the yet-to-be-discovered information they sought. And when the trial court proceeded with the pleas, the Family Members failed to produce evidence that raised a fact issue on each of the three required elements of presuit notice. Instead, the Family Members disputed the legal standard for such presuit notice. Because the trial court did not abuse its discretion by denying the Family Members' continuance and did not err by granting the Governmental Entities' pleas, we affirm.

## I. Background

On June 8, 2018, while in the throes of a mental health incident, Abdillahi fled the apartment she was visiting, passed through holes in a fence that separated the apartment complex from nearby railroad tracks, and ran into the path of an oncoming train.

## A. The Family Members' Lawsuit

In June 2020, the Family Members (individually and on behalf of Abdillahi's estate) filed suit against the City and the Airport Board, among others. The Family Members asserted numerous causes of action against the Governmental Entities, generally claiming that they failed to restrict, limit, or prevent pedestrian access to the railroad right-of-way.

Nearly a year later, in April 2021, the Governmental Entities filed pleas to the jurisdiction based on the Texas Tort Claims Act's notice requirement. *See id.* § 101.101. The Governmental Entities alleged that they did not receive formal, or have actual, presuit notice of the Family Members' claims. Their pleas were supported with affidavits from their relevant employees who averred that no presuit notices were received.

Conceding that they had not provided formal notice, the Family Members argued that the Governmental Entities had actual notice, relying on incident and call reports from the Fort Worth Police Department, as well as reports from the Tarrant County Medical Examiner's Office—documents that the Family Members claimed showed imputed, actual knowledge of Abdillahi's death.[1] *See id.* § 101.101(c). The Family Members also pointed out that there were three months left in the agreed-upon discovery period, and they filed verified motions for continuance, arguing that

---

[1]The Fort Worth Police Department initially responded to the incident as a domestic disturbance after receiving calls that Abdillahi was running and screaming in the apartment complex due to mental illness. By the time the police arrived at the location, Abdillahi had been hit by the train. The Medical Examiner's Office later arrived to take custody of the body.

In addition to filing the police and medical examiner reports, the Family Members also attached incident, track inspection, and equipment inspection reports from Herzog Transit Services, Inc., another named defendant in the underlying litigation. Neither party has alleged that the Herzog reports are relevant to the Governmental Entities' actual notice of their alleged fault in producing or contributing to Abdillahi's death.

they should be permitted to conduct additional discovery—specifically, to depose the Governmental Entities' corporate representatives—before the trial court resolved the jurisdictional issues. *See* Tex. R. Civ. P. 251. But the Family Members' motions did not specify what they expected the corporate representatives to say in their depositions that would be material to the jurisdictional issues raised in the Governmental Entities' pleas.[2]

## B. Hearing on the Family Members' Motions for Continuance

Soon thereafter, the trial court held a hearing on the Family Members' motions for continuance.[3] At the hearing, the trial court repeatedly asked the Family Members what notice-related evidence they sought to discover by deposing the Governmental Entities' corporate representatives. Initially, the Family Members argued that they needed to depose the corporate representatives because the Governmental Entities'

---

[2]The Family Members attached to their motions copies of e-mail and letter exchanges between the parties' counsel regarding the corporate depositions and the deposition topics. The noticed deposition topics included "[w]hen and how [the City or Airport Board] became aware of the incident made the basis of this lawsuit," "[i]f [the City or Airport Board] conducted any investigation regarding the incident," and "[c]ommunication pertaining to the incident or the property with any other current or former defendant."

[3]The hearing encompassed not only the Family Members' two continuance motions, but also a third motion in which the Family Members sought a continuance of another defendant's motion for summary judgment. The trial court granted the Family Members' motion for a continuance of the summary judgment motion to allow additional time for discovery but denied a continuance of the pleas.

5

pleas relied on affidavits from corporate employees[4] and because the pleas raised issues "directly [related] to the merits of plaintiffs' claims."[5] But when the Governmental Entities clarified that their pleas were just "based on the lack of statutory notice," the trial court asked the Family Members to clarify why, if the issue raised in the pleas was "just that [the Family Members] didn't send [their] statutory notice, why would [they] need to take somebody's depo on that?" The Family Members offered no explanation.

Rather, they shifted their argument by claiming that the notice issue was not jurisdictional, that it had to be raised in a motion for summary judgment instead of a plea to the jurisdiction, and that the Family Members were entitled to take their time in discovery and "figure out down the road" whether any discovered evidence was relevant to the actual-notice issue.[6] The Governmental Entities disagreed that notice

---

[4]It is unclear from the record whether the Governmental Entities' anticipated corporate representatives were the same employees who executed the affidavits supporting the Governmental Entities' pleas. The Family Members' continuance motions indicated that the Governmental Entities had not identified their corporate representatives, and at the continuance hearing, the Family Members did not clarify the relationship between the affiants and the Governmental Entities' anticipated corporate representatives.

[5]The Family Members acknowledged, though, that "when you're talking about a plea and subject-matter jurisdiction, yeah, normally, you wouldn't need a deposition, you wouldn't need an extensive discovery in order to address those issues specifically."

[6]The Family Members' counsel argued:

was a nonjurisdictional issue; they argued that the notice requirement was a statutory prerequisite to filing suit and to subject matter jurisdiction. The Family Members' counsel then summarized the dispute by characterizing it as a question of law for the trial court to decide: "You know, Your Honor, . . . what plaintiffs have been able to gather with respect to how notice -- the notice requirement is supposed to be evaluated by the court, we have conflicting case law."

The trial court—recognizing that the Family Members' characterization of the issue as a question of law contradicted their motions for continuance based on the need for factual discovery—commented that, "if it's just case law that we're going

---

Well, Your Honor, . . . . quite frankly, the notice argument under a plea to the jurisdiction is an improper . . . avenue for bringing up that -- that issue.

The notice requirement is with respect to immunity [from] liability. That is not something that should be brought up under a plea to the jurisdiction. A proper avenue for bringing up that issue is under a motion for summary judgment. So if [each Governmental Entity's] plea includes -- if it's just on notice, then that's completely improper and has to be done through a motion for summary judgment and it will fail.

So if you're asking me why I need depositions in order to talk about immunity from liability, that's something that I'll figure out down the road and use my time in -- with discovery, which I have until July 19th, in order to be able to do that.

On appeal, the Family Members do not reassert their argument that the notice requirement is a liability issue rather than a jurisdictional issue. *Cf. Worsdale v. City of Killeen*, 578 S.W.3d 57, 77 (Tex. 2019) (recognizing that "[t]he Tort Claims Act's notice requirement is a jurisdictional prerequisite, not a shield against liability").

over on that, then I would think [the Family Members] could go ahead and do . . . those two [notice-based pleas] tomorrow" without a continuance. The trial court indicated, though, that it would grant a continuance if the pleas involved issues other than notice. In response, the Governmental Entities waived their alternative arguments to allow the notice-based pleas to proceed, and after confirming this waiver, the Family Members agreed that they were indeed "fine" to proceed on the notice-based pleas without a continuance:

> [Family Members' counsel]: [C]an I be -- just make sure I'm clear on this? DFW Airport Board and City of Fort Worth are claiming that their pleas to the jurisdiction . . . are only with respect to notice, the notice requirement under the Texas --
>
> . . . .
>
> [Governmental Entities' counsel]: It is based on the lack of notice. DFW's plea to the jurisdiction does contain in the alternative arguments [regarding] waiver of immunity.
>
> . . . .
>
> [But] I'm willing to waive the alternative argument.
>
> . . . .
>
> [Court]: [S]o tomorrow we're going to move forward with the plea[s] to the jurisdiction just for the City of Fort Worth and the DFW Airport Board.
>
> . . . .
>
> [Family Members' counsel]: Okay. All right. And then as long as that's on the record that they're waiving their other arguments, *I'm fine with that.*

[Emphasis added.] At the conclusion of this hearing—after the Family Members had conceded on the record that they did not need a continuance of the notice-based pleas—the trial court denied the motions for continuance. But in doing so, the court expressly warned that, "if [the Governmental Entities] come in and . . . start trying to talk about [another, non-notice-related] argument in the [plea] hearing, I'm going to grant the continuance."

## C. The Hearing on the Governmental Entities' Pleas to the Jurisdiction

The following day, the trial court held a hearing on the Governmental Entities' notice-based pleas to the jurisdiction.

The trial court began by reiterating its understanding that "there's some disagreement between you two on whether a plea to the jurisdiction is the right way to dismiss the case." The Family Members confirmed that this was partially correct, and they reasserted their argument from the day before: that the Governmental Entities should have raised the notice issue in a motion for summary judgment. But the Family Members also argued that the police reports attached to their response raised a fact issue regarding the Governmental Entities' imputed, actual, presuit notice of Abdillahi's death, claiming that notice of the death was all that was required by the Texas Tort Claims Act.[7] In addition, the Family Members resurrected their discovery-

---

[7]The Family Members' written responses to the pleas to the jurisdiction focused on and only offered evidence of the Governmental Entities' notice of Abdillahi's death. These responses alleged that (1) the Governmental Entities'

9

related complaints and argued that the pleas should be denied because they needed to conduct additional discovery to explore alleged holes in the affidavits supporting the pleas.

Again, the Governmental Entities disagreed with the Family Members on the applicable law. As to the three elements of the actual-notice requirement—notice of the death, notice of the Governmental Entities' alleged fault in producing or contributing to the death, and notice of the identity of the parties—the Governmental Entities focused on the second element. Specifically, they argued that there was no evidence that they had actual, presuit notice of their alleged fault in causing Abdillahi's death and that the police reports and medical examiner's reports did not speak to this issue. When the trial court asked if "the only [evidence the Family Members had showing] notice of the claim . . . [wa]s the police report and the medical examiner's report and the 911 call log [included in the police reports]," the Family Members conceded that "that's the only information [they were] able to obtain." At the conclusion of the hearing, the trial court took the notice issue under advisement.

---

affidavits were insufficient to conclusively disprove their actual notice of Abdillahi's death; (2) regardless, the pleas were premature because they were effectively no-evidence motions for summary judgment and discovery was ongoing; (3) the City's notice-related argument should have been raised in a motion for summary judgment; (4) to the extent the City attacked the Family Members' pleadings, the Family Members should be granted leave to amend; and (5) the Airport Board waived its immunity because Abdillahi died as a result of a condition or use of the Airport Board's real property.

**D. The Orders Granting the Pleas**

Later that day, the trial court granted the Governmental Entities' pleas to the jurisdiction and dismissed the claims against them with prejudice.[8] This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

## II. Discussion

In two issues, the Family Members argue that (1) the trial court abused its discretion by denying their motions for continuance, and (2) the trial court erred by granting the Governmental Entities' pleas to the jurisdiction.

**A. Motions for Continuance**

The Family Members first argue that the trial court abused its discretion by "abruptly" terminating discovery and proceeding with the pleas rather than allowing additional discovery on the jurisdictional facts relevant to the Governmental Entities' actual notice. The Family Members point out that three months remained in the agreed-upon discovery period when the trial court issued its ruling, and they contend that up until that point, the Governmental Entities had refused to provide them discovery on the actual-notice issue.

But the Family Members waived their motions for continuance, and even if they had not, the trial court did not abuse its discretion by denying the motions

---

[8]The trial court did not specify the basis for its rulings.

11

because the Family Members did not enunciate what they anticipated discovering that would have been material to the jurisdictional actual-notice issue.

### 1. Waiver

First, the Family Members waived their motions for continuance. Although the Family Members filed written, verified motions for continuance, *see* Tex. R. Civ. P. 251, during the hearing on those motions, the Family Members advised the trial court that they were "fine with" moving forward on the notice-related pleas. Having made that representation to the court, they cannot reverse that position on appeal; the Family Members waived their motions for continuance.[9] *See* Tex. R. App. P. 33.1(a)(1); *cf. In re B.K.*, No. 02-21-00175-CV, 2021 WL 5848769, at *12 (Tex. App.— Fort Worth Dec. 9, 2021, pet. filed) (mem. op.) (recognizing that the appellant's announcement of "ready" waived his right to seek a subsequent continuance based on facts that were or should have been known at the time of his announcement); *Coffman*

---

[9]Furthermore, although the Governmental Entities do not raise the preservation issue in their brief, "[p]reservation of error is a systemic requirement on appeal," and "a court of appeals should review preservation of error on its own motion." *Knoderer v. State Farm Lloyds*, 515 S.W.3d 21, 44 (Tex. App.—Texarkana 2017, pet. denied); *see Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012) ("When a party fails to preserve error in the trial court . . . an appellate court may not consider the unpreserved or waived issue."); *Alikhan v. Alikhan*, No. 03-19-00515-CV, 2021 WL 3085844, at *3 (Tex. App.—Austin July 22, 2021, pet. filed) (mem. op.) ("To protect th[e] important prudential considerations [behind error preservation]— including those of judicial economy—we may review the record sua sponte for preservation of error."); *cf. Mitchell v. Wilmington Sav. Funds Soc'y, FSB*, No. 02-18- 00089-CV, 2019 WL 150262, at *4 (Tex. App.—Fort Worth Jan. 10, 2019, no pet.) (mem. op.) ("[B]efore we consider whether an abuse of discretion has occurred, the error must be preserved for our review.").

12

*v. Coffman*, No. 13-12-00303-CV, 2014 WL 7465596, at *3 (Tex. App.—Corpus Christi–Edinburg Dec. 30, 2014, no pet.) (mem. op.) (recognizing that "the announcement of 'ready' will waive a motion for continuance"); *Markham v. Diversified Land & Expl. Co.*, 973 S.W.2d 437, 441 (Tex. App.—Austin 1998, pet. denied) (holding continuance was not preserved for appellate review where the appellant initially asked for a continuance but "then withdrew the motion for a continuance and agreed to proceed to the merits of her claim"). We cannot fault the trial court for denying continuance in the face of a representation by the Family Members that they were ready to move forward. *Cf. Stone v. Stone*, No. 02-18-00163-CV, 2020 WL 3410502, at *6 (Tex. App.—Fort Worth May 28, 2020, pet. denied) (mem. op.) (holding that the court did not err by denying the appellant's motions seeking continuance to hire an attorney because, when the appellant appeared in court after filing the motions, she "stated that she wished to proceed [to trial] without an attorney"); *Acker v. Denton Publ'g Co.*, 937 S.W.2d 111, 118 (Tex. App.—Fort Worth 1996, no writ) ("We are not persuaded that the trial court erred in denying an oral motion for continuance after [the movant's] announcement that he was ready for the hearing . . . .").

### 2. No Abuse of Discretion

For much the same reason, and even if the Family Members had not waived their motions for continuance, the trial court could have reasonably concluded that additional discovery was unnecessary because the Family Members did not articulate

what additional discovery might reveal that would be material to the jurisdictional actual-notice issue.

Generally, "courts should allow [a] 'reasonable opportunity for targeted discovery' if necessary to illuminate jurisdictional facts in a plea to the jurisdiction." *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012).[10] A trial court abuses its discretion by denying a discovery-based motion for continuance if the court's ruling is arbitrary or unreasonable. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). But it is not arbitrary or unreasonable for a trial court to deny such a motion if the court "reasonably could have concluded that additional discovery was unnecessary and irrelevant to the legal issues in the case." *Quested v. City of Houston*, 440 S.W.3d 275, 280 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

To determine whether the trial court abused its discretion by denying a continuance, we consider three nonexclusive factors: (1) "the length of time the case ha[d] been on file," (2) "whether the party seeking the continuance ha[d] exercised due diligence to obtain the discovery sought," and (3) "the materiality and purpose of the discovery sought." *Joe*, 145 S.W.3d at 161–62 (listing and applying factors where

---

[10]Even so, a trial court has the discretion to grant or deny a motion for continuance seeking time to conduct additional discovery. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Sayles v. Senior Care Res., Inc.*, No. 02-20-00124-CV, 2021 WL 62130, at *4 (Tex. App.—Fort Worth Jan. 7, 2021, no pet.) (mem. op.); *Quested v. City of Houston*, 440 S.W.3d 275, 280 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

trial court denied motion for continuance to allow additional immunity-related discovery); *see Quested*, 440 S.W.3d at 280–83 (reciting and applying factors where trial court denied continuance of pleas to the jurisdiction); *Barron v. Vanier*, 190 S.W.3d 841, 847–53 (Tex. App.—Fort Worth 2006, no pet.) (op. on reh'g) (reciting and applying factors where trial court denied motion for continuance seeking additional time for discovery on personal jurisdiction).

Even assuming that the Family Members met the first two factors, they wholly failed to meet the third factor, which weighs decisively in favor of the trial court's ruling. The only discovery items the Family Members mentioned in their verified motions for continuance were the upcoming depositions of the Governmental Entities' corporate representatives. The Family Members' motions stated that "[t]he [corporate] deposition testimony [wa]s material to the legal and factual questions at issue in the Plea[s]," without explanation as to why or how.

To obtain a continuance due to "the want of testimony," the Family Members' verified motions were required not only to state "that such testimony [wa]s material, [but also to] *sho[w]* the materiality thereof." Tex. R. Civ. P. 252 (emphasis added) (providing requirements for a continuance based on "the want of testimony," including a "showing [of] materiality" and a demonstration of due diligence, among other items). The motions' generalized, conclusory declarations of materiality were insufficient to "sho[w]" materiality. *See id.*; *Gibson v. Stonebriar Mall, LLC*, No. 05-17-01242-CV, 2019 WL 494068, at *2–3 (Tex. App.—Dallas Feb. 8, 2019, no pet.) (mem.

15

op.) (holding trial court did not abuse its discretion by denying continuance where movant sought additional time to conduct depositions but "the motion d[id] not explain the materiality, relevance, and purpose of the discovery sought" apart from a "global statement" regarding the witnesses' alleged materiality); *Cardenas v. Bilfinger TEPSCO, Inc.*, 527 S.W.3d 391, 404–05 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (holding trial court did not abuse its discretion by denying continuance where movant sought to depose six witnesses regarding the defendant's "true motives," but movant did not identify the relevance or materiality of the witnesses' potential testimony). Although the Family Members attached the deposition notices and topic lists as exhibits to their motions, they did not highlight any specific deposition topics that they considered significant, much less explain why those topics were vital to the jurisdictional issues or how they would potentially change the outcome of the pleas. *Cf. Joe*, 145 S.W.3d at 162 (holding trial court did not abuse its discretion by denying continuance for immunity-related discovery where "none of the discovery described could have raised a fact issue as to whether" the conditions for official immunity were satisfied); *Quested*, 440 S.W.3d at 282 (holding trial court did not abuse its discretion by denying continuance of pleas to the jurisdiction where the appellant "ha[d] not explained how obtaining the requested information could [have] help[ed] her overcome the [appellee's] plea to the jurisdiction"); *Bowen v. Bowen*, No. 02-10-00297-CV, 2011 WL 3426233, at *2–3 (Tex. App.—Fort Worth Aug. 4, 2011, pet. denied)

16

(mem. op.) ("A trial court does not abuse its discretion by denying a motion for continuance that does not meet the requirements of [R]ule 252.").

Nor did the Family Members clarify the need for the corporate depositions at the hearing on their motions for continuance.[11] They initially argued that the corporate depositions were vital "so that we can get the knowledge that we need," but again, such generalized, conclusory statements were insufficient to demonstrate materiality. And despite being pressed by the trial court to cure this deficiency and to explain why, if the issue raised in the pleas was "just that [the Family Members] didn't send [their] statutory notice, why would [they] need to take somebody's depo on that," they offered no explanation.[12]

Even on appeal, the Family Members have not identified what material information they expected to discover during the corporate depositions. They claim

---

[11]At the plea hearing—the day after the Family Members had agreed to proceed with the notice-based pleas and the continuance had been denied—the Family Members indicated that the pleas should be denied because they needed additional discovery to explore the interactions between the Governmental Entities' departments. The Family Members noted that each of the Governmental Entities' affidavits represented a single department within their respective entities, and they speculated that there may have been departments within the Governmental Entities that had actual notice.

[12]Because the Family Members insisted that the actual-notice issue was not jurisdictional, they argued that they were entitled to "figure out down the road and use [their] time in . . . discovery" to determine why the depositions were necessary. Even when addressing the issues they considered jurisdictional, though, the Family Members simply gave the global explanation that they "need[ed] more discovery in general to be able to develop those facts and answer those jurisdictional issues."

that they needed additional discovery "on the topic of notice" to determine "whether [the Governmental Entities] had actual notice of Abdillahi's death,"[13] but they do not explain what they expected the corporate representatives to testify to that would have changed the jurisdictional outcome. *Cf. City Of Kemah v. Vela*, 149 S.W.3d 199, 205 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding trial court erred by denying the appellant's plea to the jurisdiction to allow additional discovery where the only information the appellee claimed he could gain from the discovery, even assuming it showed what appellee claimed, did not change the outcome of the immunity issue).

Because the Family Members did not identify "the materiality and purpose" of the information they sought—either in their verified motions or in their presentation of the motions at the corresponding hearing—the trial court did not abuse its discretion by denying the motions. *See Joe*, 145 S.W.3d at 161–62; *Quested*, 440 S.W.3d at 280–83; *Bowen*, 2011 WL 3426233, at *2–3.

We overrule the Family Members' first issue.

## B. Pleas to the Jurisdiction

The Family Members next contend that, even without additional discovery, genuine issues of material fact precluded dismissal on the actual-notice issue. Claiming that actual notice of the relevant death is all the Texas Tort Claims Act

[13]As we discuss below, the Governmental Entities needed actual notice not only of the death but also of their alleged fault in causing or producing the death.

requires, the Family Members argue that the Fort Worth Police Department's reports raise a fact issue regarding the Governmental Entities' actual knowledge of Abdillahi's death. But the Family Members' argument is premised on a misunderstanding of the actual-notice standard.

### 1. Applicable Law and Standard of Review

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637–38 (Tex. 1999). Generally, a governmental unit,[14] such as a city or other unit of local government, has sovereign immunity unless it is waived by the legislature.[15] *City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008); *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Jones*, 8 S.W.3d at 638.

The legislature provides a limited waiver of immunity in the Texas Tort Claims Act, but this waiver is subject to conditions. *Reed*, 258 S.W.3d at 622; *see generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109. As relevant here, "[a] governmental unit is entitled to receive [either formal or actual] notice of a claim against it" before

---

[14]The Family Members do not dispute that the City and Airport Board are governmental units.

[15]Technically, the immunity enjoyed by a political subdivision is referred to as "governmental immunity" while the immunity enjoyed by the State is "sovereign immunity." *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). For ease of reference, we use the phrase "sovereign immunity" for both concepts. *See id.* at 374 n.1 (doing similarly).

such a claim can be brought. Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a), (c). Although formal notice is the default option under the Act, *see id.* § 101.101(a), actual notice can replace formal notice if the governmental unit has subjective awareness of three things: "(1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Reyes v. Jefferson Cnty.*, 601 S.W.3d 795, 798 (Tex. 2020); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Univ. of N. Tex. Health Sci. Ctr. v. Jimenez*, No. 02-160-0368-CV, 2017 WL 3298396, at *4 (Tex. App.—Fort Worth Aug. 3, 2017, pet. denied) (mem. op.); *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c). Unless the governmental unit has all three elements of actual notice, or unless it receives formal notice, the Texas Tort Claims Act does not waive the governmental unit's immunity from suit, and the trial court lacks subject matter jurisdiction. *See Reyes*, 601 S.W.3d at 798 ("Notice is a prerequisite to subject-matter jurisdiction under the TTCA . . . .").

A governmental unit may challenge the trial court's lack of subject matter jurisdiction by filing a plea to the jurisdiction. *Jones*, 8 S.W.3d at 638. Because subject matter jurisdiction is a question of law, we review a trial court's ruling on such a plea de novo. *Reyes*, 601 S.W.3d at 798; *Worsdale*, 578 S.W.3d at 66; *Jimenez*, 2017 WL 3298396, at *3. When, as here, the plea to the jurisdiction challenges the existence of jurisdictional facts, "the standard of review mirrors that of a traditional summary judgment: '[I]f the plaintiffs' factual allegations are challenged with supporting

20

evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction.'" *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018) (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 221 (Tex. 2004)). The trial court may rule on the plea as a matter of law if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue. *See Miranda*, 133 S.W.3d at 221, 227–28; *Preston v. M1 Support Servs., L.P.*, 628 S.W.3d 300, 312 (Tex. App.—Fort Worth 2020, pet. granted) (mem. op.).

## 2. Actual-Notice Standard

Before we can determine whether the Family Members raised a genuine issue of material fact on the jurisdictional notice issue, we must address a threshold dispute: the legal standard for actual notice.

The Family Members argue that the Texas Tort Claims Act's actual-notice requirement—unlike the formal-notice alternative—does not have three elements. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a), *with id.* § 101.101(c). According to the Family Members, the Act waives immunity when a governmental unit has actual notice of the death, and neither actual notice of the governmental unit's alleged fault nor actual notice of the identity of the parties is required. We disagree.

21

More than a quarter of a century ago, in *Cathey v. Booth*, the Texas Supreme Court construed the Texas Tort Claims Act's actual-notice provision to require "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." 900 S.W.2d at 341. All three elements are required; "[s]tanding alone, knowledge that an injury has occurred does not establish actual notice." *Jimenez*, 2017 WL 3298396, at *4 (quoting *Univ. of Tex. Health Sci. Ctr. at Houston v. Cheatham*, No. 14-14-00628-CV, 2015 WL 3878111, at *3 (Tex. App.— Houston [14th Dist.] June 23, 2015, no pet.) (mem. op.)). *Cathey* is still the law of the land, and it is binding precedent on this court. *See Worsdale*, 578 S.W.3d at 68–77.

The Family Members invite us to disregard *Cathey* because it contradicts the plain language of the Texas Tort Claims Act, and they point to the concurring opinion in *Worsdale v. City of Killeen* for support. *Id.* at 77–82 (Boyd, J., concurring) (explaining why he would overrule *Cathey*). But the majority opinion in *Worsdale* reaffirmed *Cathey*'s three-element standard, and the majority expressly rejected the Family Members' interpretation of the actual-notice requirement. *Worsdale*, 578 S.W.3d at 77 ("*Cathey* has long been settled law, no compelling reason necessitates overturning it, and . . . we reaffirm today [that] it was correctly decided in the first instance."); *see also Jimenez*, 2017 WL 3298396, at *4–5 (citing *Cathey* and reiterating three-element notice requirement). Although the concurring opinion in *Worsdale* may have agreed with the Family Members' interpretation of the Texas Tort Claims Act, this court is not free to

22

disregard the Texas Supreme Court's binding majority opinions in favor of concurrences. To the extent that the Family Members ask this court to depart from *Cathey*'s "settled" three-element standard, we decline to do so. *See Worsdale*, 578 S.W.3d at 77.

### 3. No Actual Notice of the Governmental Entities' Fault

Applying *Cathey*'s three-element actual-notice standard, we find no evidence raising a genuine issue of material fact on element two: the Governmental Entities' knowledge of their alleged fault in producing or contributing to Abdillahi's death. *Cf. Jimenez*, 2017 WL 3298396, at *4–7 (holding that motion to dismiss should have been granted on lack-of-notice grounds where there was no evidence that the defendant was actually aware of its alleged fault in producing or contributing to the relevant injuries).

Each of the Governmental Entities supported its plea to the jurisdiction with an affidavit from a manager or vice president working in the "sole department within the [City or Airport Board] that is responsible for the investigation of a claim once written notice is received or in the event the [City or Airport Board] obtains actual notice of a claim." The Governmental Entities' employees averred that neither the City nor the Airport Board had been "provided with any notice, written, actual[,] or otherwise, including actual or subjective knowledge of Plaintiffs' claim[,] until the [City or Airport Board] received Plaintiffs' Original Petition from its attorney of

23

record." Absent contradicting evidence, these affidavits were sufficient to effectively negate all three elements of actual notice.

While the Family Members attempted to rebut these affidavits and raise a fact issue on each of the three actual-notice elements, they failed to provide any evidence of element two: the Governmental Entities' notice of their alleged fault.[16] *See Miranda*, 133 S.W.3d at 227–28. Even assuming that the Governmental Entities could be imputed with knowledge of the documents that the Family Members produced in response to the pleas—the police reports and the medical examiner's reports[17]—this evidence gave no indication that the Governmental Entities had notice that they were allegedly at fault for producing or contributing to Abdillahi's death. And because, on appeal, the Family Members continue to deny that the actual-notice standard contains

---

[16]On appeal, the Family Members cite statements from their petition to rebut the Governmental Entities' affidavits, but the relevant portions of the Governmental Entities' pleas challenge the existence of jurisdictional facts rather than the sufficiency of the Family Members' pleadings. *See generally Miranda*, 133 S.W.3d at 226–27 (distinguishing between the standards for the two challenges). Although the Airport Board's plea initially included an alternative argument challenging the Family Members' pleadings, the Airport Board waived such alternative arguments on the record so the trial court could proceed with the notice issue.

To the extent that the Family Members rely on the allegations in their petition as evidence, pleadings are not evidence. *See Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 818–19 (Tex. 2021) (reiterating that "pleadings generally do not qualify as summary-judgment 'evidence'"); *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971) (similar).

[17]The Family Members' counsel confirmed that the documents were their "only [evidence of] notice of the claim."

24

a fault requirement, they still have not pointed to or identified any evidence that the Governmental Entities had actual, presuit notice of their alleged fault in producing or contributing to Abdillahi's death.

Consequently, we hold that the trial court—without any evidence that the Governmental Entities had actual notice of their alleged fault and presented only with evidence negating this element of actual notice—properly concluded that it lacked jurisdiction under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c). We overrule the Family Members' second issue.

### III.  Conclusion

Because the trial court did not abuse its discretion by denying the Family Members' motions for continuance, and because it properly granted the Governmental Entities' pleas to the jurisdiction, we affirm the trial court's orders.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  January 20, 2022